### OF

## PENNSYLVANIA.

----

----

2 R 421
21 SC 421

2r 421
39SC 364

[PHILADELPHIA, MARCH 27, 1830.]

### Case of a Road from the West Chester Road to a Road leading from the Borough of Chester to Germantown.

#### CERTIORARI.

*Though road viewers are restricted to the space between the points specified in the order, yet they may carry the road to the point designated, partly over the bed of a road already laid out and opened.*

CERTIORARI to the Court of Quarter Sessions of *Delaware* county.

In this case the petitioners prayed for a road to be laid out from the *West Chester* road, at the intersection of a road leading from the falls of *Schuylkill*, to intersect the road leading from the borough of *Chester* to *Germantown*.

The viewers laid out and reported a road according to the prayer of the petitioners, which report was set aside on the report of reviewers, that the said road was unnecessary. Re-reviewers were then appointed, who reported a road from the *West Chester* road to the *Garratt*, or *Marshall* road, and along the middle of the said road, a distance nearly equal to all the remainder of the road reported, to the intersection of the said *Garratt* road, with the road from the borough of *Chester* to *Germantown*.

(Case of a Road from the West Chester Road to a Road leading from the Borough of Chester to Germantown.)

The parties who took the *Certiorari*, objected to the confirmation of this report:

"1. Because the road, as reported, is essentially different from that set forth in the petition, and passes through the property of persons who had no notice by the tenor of the petition or otherwise, that a road was contemplated to affect them.

"2. That the road laid out by the re-reviewers is entirely different from that laid out by the viewers.

"3. That a very large proportion of the road laid out, is through the middle of the *Garratt*, or *Marshall* road, which has long been a public road."

*Chew* and *Tilghman*, argued in support of the exceptions.
*Edwards, contra*, was stopped by the court.

The opinion of the court was delivered by

GIBSON, C. J.—By the terms of the order, viewers are restricted to the space between the specified points. Without assuming such points, the projected road could not be designated, or the duties of the viewers described with convenient certainty. Where, however, they are injudiciously assumed, a reasonable exercise of discretion by the viewers cannot but be beneficial, and it ought to be allowed whenever it is strictly consistent with the terms of their authority. Here, the viewers may be said substantially to have shifted the *terminus* to a more convenient point in the road called for; yet, they have strictly conformed to the terms of the order, by actually carrying the road for a part of the way to the point designated, on the bed of that road. To reconfirm a part of a road already laid out and opened, may be unnecessary; but what harm will it do? I can imagine none. To say that viewers shall not adopt any part of a road already laid out, further than to cross it, would be intolerably mischievous where the only practicable route, for a part of the way, should be through the gap of a mountain already occupied. The confirmation of this part of the road, then, can have no other than a beneficial effect in enabling the viewers to reach the point proposed in the way least burdensome to the public, and at the same time, consistently with the letter of their authority.

HUSTON, J., and TOD, J., were absent in consequence of sickness.

Proceedings confirmed.