[Philadelphia, April 16, 1835.]

## WALTER *against* BECHTOL.

### IN ERROR.

A defect in a recognizance on an appeal from an award of arbitrators, is waived by the appellee's omission to rule the appellant to amend it.

An appeal does not lie from the judgment of a justice of the peace, where the amount of the demand is not set forth on his docket.

Payment of all the taxed costs is essential to perfect an appeal; and it is error to refuse to strike off an appeal when all the taxed costs have not been paid.

Error to the Common Pleas of Northampton county.

The defendant in error who was the plaintiff below, brought this suit originally against *Bechtol,* before a justice of the peace, and stated it to be for "debt or demand, not exceeding one hundred dollars. To a slay sold by plaintiff to defendant, about the middle of December, 1828." Judgment being rendered for the defendant, the plaintiff appealed, and declared for money had and received. The plaintiff on the 9th October, 1830, entered a rule of reference, under which arbitrators were chosen, who awarded on the 15th November, 1830, in favour of the defendant. On the 4th December, 1830, the usual affidavit for an appeal, was made by the attorney of the plaintiff. The bill of costs as taxed amounted to twenty-seven dollars and eighty cents, in which however the prothonotary omitted to include the costs before the justice. The plaintiff's attorney paid the prothonotary twenty dollars on · account, directed an appeal to be entered, and a recognizance was taken, the condition of which was, that, if the plaintiff should not recover in the event of the suit, a sum greater or a judgment more favourable than the report or award of arbitrators, he should pay all costs that should accrue, in consequece of the said appeal, and one dollar per · day for each and every day that should be lost by the defendant in attending on such appeal, or in default thereof, would surrender the said *John*

(Walter *v.* Bechtol.)

*Bechtol* to the jail of said county in discharge of the said recognizance.

On the 14th of January, 1831, the balance of the taxed costs, was paid to the prothonotary, but the costs before the justice remained unpaid.

On an affidavit of the facts relating to the non-payment of the whole costs, a motion was made by the defendant, to dismiss the appeal, which was refused by the Court, who filed their opinion in writing.

The cause was tried at the same term, and a verdict rendered for the plaintiff, for ten dollars; whereupon the defendant, took this writ of error, and assigned for error :—

1. That the Court of Common Pleas had no jurisdiction, as no appeal lay from the justice.

2. That the appeal from the award of arbitrators, was not properly entered, and should have been dismissed—

    1. Because the recognizance is not according to law.

    2. Because the costs were not paid off.

It was argued by *Porter,* for the plaintiff in error, who contended that no appeal lay from the judgment of the justice. The docket of the justice shows the cause of action to be for a debt or demand, not exceeding one hundred dollars, but does not set out the amount. It falls therefore, directly within *Stoy* v. *Yost,* 12 *Serg. & Rawle,* 385. As no appeal lay, the Common Pleas had no jurisdiction, and want of jurisdiction is not cured by acquiescence, as is shown in the case just cited. Moreover, the recognizance on the appeal from the award of arbitrators is defective. It is not in conformity with the act of 20th March, 1810. It superadds a condition for surrender of the plaintiff to jail, in discharge of the recognizance; and upon this point he referred to 4 *Serg & Rawle,* 260. 14 *Serg. & Rawle,* 112. 13 *Serg. & Rawle,* 243.

The Court below were in error, in refusing to strike off the appeal from the award of arbitrators. All the taxed costs had not been paid, and their payment is essential to the appeal. *Fraley* v. *Nelson,* 5 *Serg. & Rawle,* 234. *Id.* 390. 11 *Serg. & Rawle,* 359.

*Scott* contra, argued that the refusal of the Court to strike off an appeal from an award of arbitrators, was not ground for reversal on a writ of error. The propriety of refusing such a motion depends upon a variety of facts governing the discretion of the Court, which cannot appear upon the record. He took a distinction between striking off an appeal and a refusal to do so. The former is an award in the nature of a judgment which disposes of the suit, the latter is a mere refusal to act, which leaves things in *statu quo.* In all the cases on this subject, the appeal had been stricken off by the Court below. There is no case where this Court has ordered that to be done, by reversing the judgment of an inferior Court, which had

refused it.   It was decided by the high Court of Errors and Appeals, that a writ of error did not lie to a decision of the Supreme Court, on a motion unconnected with the trial of the cause. 2 *Binn.* 91. Where the discretion of the Court below is to be exercised on facts, it is to be presumed they exercised a sound discretion; and even if they put the facts on record, this Court will not see them.   *Nicholas* v. *Wolfersberger,* 5 *Serg. & Rawle,* 167.   16 *Serg. & Rawle,* 318. *Id.* 320.

There are cases where an appeal will be supported, though the costs are not paid.   If all the costs which are taxed at the time of appeal, are paid, the appeal is good, though other costs are taxed within the twenty days of which he had notice. *Stewart* v. *Jewell,* 11 *Serg. & Rawle,* 359.   *Non constat* that the defendant's bill had been taxed.   The costs paid covered every thing else.   If any presumption be admitted, it will be to support a judgment. 14 *Serg. & Rawle,* 220.   The facts on which a judgment is reversed must be clear and appear with certainty to the Court. *Ibid.*   Here they do not appear, and according to *Nicholas* v. *Wolfersberger,* cannot be known to the Court.

If there be any defect in the recognizance, it is waived by not taking the objection in the Court below, and on the point of waiver, he cited *Mayes* v. *Jacoby,* 8 *Serg. & Rawle,* 526.     *Cameron* v. *Montgomery,* 13 *Serg. & Rawle,* 128.   *Heckert's* case, 13 *Serg. & Rawle,* 104.

He contended, in conclusion, that the Court below had jurisdiction of the appeal from the justice, and referred to 12 *Serg. & Rawle,* 385. *Id.* 388.   *Stewart* v. *Keemle,* 4 *Serg. & Rawle,* 72.   *M'Kim* v. *Byrson,* 2 *Serg. & Rawle,* 463.

PER CURIAM.—The objection to the recognizance is obviated by the fact, that it was in the power of the appellee, to have it amended, and by omitting to rule the appellant to do so, he waived the benefit of bail altogether.   The other objections are better founded.   The amount of the demand is not so stated as to entitle the party to an appeal; and the costs were not paid within the period allowed to perfect the appeal, of which payment of all the taxed costs is an integral part.

Judgment reversed, and the appeal quashed.