[ PHILADELPHIA, FEBRUARY 24TH, 1840. ]

## Case of NOBLE STREET.

### CERTIORARI.

Where the viewers appointed in 1835, upon a petition to widen a street between two certain termini, reported in favour of a width of fifty feet, which was confirmed by the Quarter Sessions, in the same year, and in 1838 a report of a jury of view made in 1831, in favour of opening the street of the width of forty feet, for a part of the distance between the same termini, was confirmed, the Supreme Court, on *certiorari*, quashed the proceedings.

THIS was a *certiorari* to the Court of Quarter Sessions for the County of Philadelphia, to remove the record of the proceedings in that Court, for the laying out and widening of Noble street, in the Northern Liberties of the City of Philadelphia.

By the record and papers returned it appeared, that the following proceedings were had in the Court below.

I. *In the Case of Noble street from New Market street to Oak street.*

On the 22d of September, 1831, a petition was presented to widen the street *forty feet*, and for a jury of view; and on the same day a jury was appointed.

On the 21st of November, 1831, the report of the jury of view was made in favour of widening the street, confirmed *nisi*, and exceptions filed.

On the 6th of February, 1832, a petition was presented for a review, and a jury appointed.

On the 29th of May, 1832, the report of the viewers was filed against the widening.

On the 3d of July, 1832, this report was confirmed *nisi*.

On the 30th of August, 1832, exceptions to the report of the reviewers were filed.

On the 2d of February, 1832, these last exceptions were dismissed.

(Case of Noble Street.)

And on the 3d of March, 1838, the report of the jury of view was confirmed absolutely, and the street ordered to be of the width of *forty feet.*

II. *In the Case of Noble street from Front to Oak street.*

On the 6th of May, 1835, a petition was presented to widen the street *fifty feet,* and for a jury of view; and on the same day a jury of view was appointed.

On the 9th of June, 1835, the report of the jury was made in favour of opening of that width, and confirmed absolutely fifty feet wide.

III. *In the Case of Noble street from New Market to Front street.*

On the 8th of May, 1835, a petition was presented to widen the street forty feet, and for a jury of view; who were accordingly appointed.

On the 1st of July, 1835, the report of the jury of view was made in favour of widening, and exceptions were filed thereto.

On the 7th of November, 1835, a petition was presented for review.

On the 3d of February, 1838, the report of the jury of view was quashed.

Noble street from New Market street to Oak street includes the part of the street which runs from New Market to Front street.

On the removal of the record to this Court, the following exceptions were filed.

" 1. The decree of the Court below appropriates as a common street a part of the public landing.

2. The Court below decreed that part of the street which on another proceeding had been finally ordered to be opened of the width of fifty feet, should be of the width of forty feet.

3. The several acts of assembly under which the proceedings commenced were repealed before the final decree of the Court."

Mr. *Miles,* for the appellants, in support of the first exception, referred to the acts of 20th February, 1768, 4th April, 1796, and 16th March, 1819, section 36, and cited the case of *Spring Garden* v. *The Northern Liberties,* (1 *Wharton's Rep.* 25.) *Commonwealth* v. *Alburger,* (1 *Wharton's Rep.* 469, 486.)

2d. He contended, that the Court had no power to order the opening of a street of the width of forty feet, after having made an order that the street should be of the width of fifty feet. Act of 3d April, 1809.

3d. That the act of 1804 having been repealed by the act of 1836, the Court had no power to make any order in the premises. *Road*

(Case of Noble Street.)

*in Hatfield Township,* (4 *Yeates,* 302.)    *Bucks County Road,* (3 *Wharton,* 107.)

Mr. *Newcomb, contra.*

PER CURIAM.—Though it was said in the *Case of the West Chester Road,* (2 *Rawle,* 421,) that viewers may carry a road to the point designated partly over the bed of a road already laid out, yet different considerations are presented in the case of a street. Neither uncertainty nor collision is produced by the partial interference of public highways: but great uncertainty necessarily arises from laying out a narrower street in the middle of a broader one, unless the broader one be at the same time vacated. Without that, it would be impossible for the owners of the adjoining ground to adjust the fronts of their houses to the proper line, or to know whether they might exercise any other acts of ownership over the excluded space. In such a case every thing ought to be express, and nothing left to intendment, and the owners therefore ought explicitly to have vacated every part of the old street which was not included in the new one.

> Proceeding on the petition to open Noble street of the width of forty feet from New Market to Oak street, quashed.