# Springbrook Road.

1. An act authorized the Court of Quarter Sessions of Luzerne county, at any term to direct the court at the next following term, to continue one or more *additional* weeks. August Term expired September 5th; an order was entered of record September 7th for an additional week at November Term. It is to be presumed that court had adjourned to that day.

2. Everything is to be presumed in favor of the regularity of the proceedings of a court of justice.

3. Viewers for a public road were appointed at the August Term; they made report during the *additional* week of November Term. *Held*, that the week was part of that term and not an adjourned court, and the return was in time.

4. A report of viewers made at a term succeeding the term next after their appointment or at an adjourned court, is irregular.

5. It is proper that the court, after exceptions, should allow viewers to make an amended report as to informal errors, when the amendment is made within the time for filing the original report.

6. It need not appear on the face of the report, that all the viewers were present at the view.

March 15th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *Luzerne county*: No. 28, to January Term 1870.

The proceedings removed in this case related to the laying out, &c., of a road in Springbrook township, Luzerne county. By an Act of March 1st 1860, Pamph. L. 117, the Court of Quarter Sessions of Luzerne county, "may at any term or session direct the said courts to continue at the then following term or session one or more weeks in addition to those regularly appointed by law; and for such additional week or weeks to issue venires for traverse jurors, as now required for the regular term or session."

The August session for 1868 commenced on the fourth Monday of August, which was the 24th, and continued two weeks, expiring September 5th. On that day the court appointed three viewers to view and lay out a road in Springbrook township.

On the 7th of September 1868 the following order was entered of record:—

"Now, September 7th 1868, it is ordered that the Sessions and Oyer and Terminer be continued at the November sessions next two weeks, and that the second or adjourned week commence on the fifth Monday of November 1868, and that venires issue in said court for each of such weeks."

The viewers made a report which was filed December 4th and confirmed nisi; this day was in the additional week of the court, as directed by the special order of September 7th. Several exceptions as to matters of form were filed. The court recommitted the report to the viewers, and the errors complained of were corrected in an amended report, which was confirmed absolutely

[Springbrook Road.]

August 16th 1869. The report was signed by two viewers, and it did not show that all the viewers had been present.

On the removal of the proceedings, the following errors were assigned:—

1. Overruling the exceptions and confirming the report.

2. It does not appear by the report that the viewers were all present.

*C. E. Wright* and *D. C. Harrington*, for certiorari.—By the Act of June 13th 1836, Purd. 871, pl. 3, viewers are to make report to the next term: Baldwin Road, 3 Grant 62. The next term is the next *regular* term: Horton *v.* Miller, 2 Wright 270. The amended report was confirmed absolutely without having been confirmed nisi: Road to Ewing's Mill, 8 Casey 282; Gibson's Mill Road, 1 Wright 255; Road in Reserve Township, 2 Grant 204. It does not appear that all the viewers were present: Middle Creek Road, 9 Barr 69; Paradise Road, 5 Casey 20. As to considering an exception not made below: Frankstown Road, 2 Id. 473.

*J. G. Miller*, contrà.—As to sending the report back for amendment: Towamencin Road, 10 Barr 195; Potts's Appeal, 3 Harris 414. A majority of viewers may report: Act of February 24th 1845, Pamph L. 52. The presumption is that the proceedings were regular: Schuylkill Falls Road: 2 Binn. 255; Spear's Road, 4 Id. 174; Middle Creek Road, 6 Barr 69; McCall's Ferry Road, 13 S. & R. 25; N. Haven Road, 9 Harris 220; Spring Garden Road, 7 Wright 144; Commonwealth *v.* Atlantic and G. Western Railroad, 3 P. F. Smith 9.

The opinion of the court was delivered, March 21st 1870, by

SHARSWOOD, J.—By the 3d section of the "Act relating to roads, highways and bridges," passed June 13th 1836, Pamph. L. 555, viewers of roads are required to make report to the next term of the court after that at which they have been appointed; and it has been decided that a report made and confirmed at a succeeding term or an adjourned court is irregular, and may be set aside: Stauffer's Appeal, 1 Amer. Law Jour. 441; Boyer's Road, 1 Wright 257; Heidelberg Township Road, 11 Id. 536. The Act of February 24th 1845, Pamph. L. 52, which makes certain changes in the general road law in the county of Luzerne and other counties therein named, leaves this point unaltered.

The viewers were appointed September 5th 1868, the last day of the August sessions. The next term was by law to commence on the fourth Monday of November, and to continue one week, unless otherwise ordered: Act of March 7th 1860, Pamph. L. 117. It was provided by the 3d section of this act that the Court

[Springbrook Road.]

of Quarter Sessions of the county of Luzerne may at any term or session direct the said courts to continue at the then following term or session, one or more weeks in addition to those regularly appointed by law.	An order was made for a second or adjourned week of court at November sessions, but this order was not entered of record until September 7th 1868.	It is objected that it is not within the act, not having been made at any term or sessions.	August Term expired September 5th, which was Saturday, and the order was entered on Monday following.	Everything is to be presumed in favor of the regularity of the proceedings of a court of justice; and we may presume that the order of September 7th 1868 was made at the August Term, and that the court had adjourned to that day.	It is not unusual to hold an adjourned session on the Monday succeeding the term in order to wind up the business.	This satisfies the words of the act, which are term or session.	In point of fact, there was a second week of the November sessions held, during which the report of the viewers in this case was filed.	We agree with the learned judge below, that this was not an adjourned court, but an enlargement or continuation of the November Term, and that the report was therefore made to the next term of the court after the appointment of the viewers.

The other exceptions filed below have not been pressed.	The court allowed the viewers at the same term to file an additional or amended report—a practice in all respects proper.	It would be intolerable to set aside such report for merely informal errors, where the amendment is made within the time allowed by law for filing the original report.

The 2d assignment of error is, that it does not appear by the report that the viewers were all present.	This exception was not made in the court below, and if made there in all probability the report would have been amended according to the fact.	It is true, that to the rule that all objections to proceedings in road cases not made below, will be considered as waived, such errors as appear on the face of the record must be regarded as exceptions, as was held in Frankstown Township Road, 2 Casey 472.	There, however, the exceptant had not been heard, and the allegation was that he had no notice of the proceedings.	In this case the exceptants did file exceptions, and the reason of that case does not apply, where the defect on the face of the proceedings is one of form only, not of substance.	Without deciding this, however, it is enough to say that it has often been held in this court that it need not appear on the face of the report that all the viewers were present at the view: McCall's Ferry Road, 13 S. & R. 25; Middle Creek Road, 9 Barr 69; Road to Ewing's Mill, 8 Casey 282.

Order affirmed.