*Twentieth Judicial District.*

# In the Court of Common Pleas of Snyder County.

## RICHTER *v.* CUMMINGS.

The payment of the taxed costs in CASH, is indispensable to an appeal from an award of arbitrators.

A CHECK is not money, and the acceptance of it by the Prothonotary as such, will not make the appeal good.

The appeal stricken off in this case, although the Prothonotary received the money for the check, after the expiration of twenty days from the award.

**Rule on the defendant to show cause why the appeal (by defendant from award of arbitrators finding in favor of the plaintiff $1,875.77) should not be stricken off for the non-payment of costs.**

Opinion by

BUCHER, P. J. Upon the argument of the rule, the Plff. in support of the motion, offered the deposition of Jeremiah Crouse, Esq., the Prothonotary of this court, taken *ex parte.* The deposition having been taken without notice to the adverse party, cannot be used as evidence against him, and can have no weight in the decision of the question before us. The docket entry reads thus: "And now to-wit, Aug. 7th, 1871, Deft. A. S. Cummings appears, enters into recognizance, pays costs, and appeals, (paid by check on the Nat. Bank of Selinsgrove), check protested Aug. 11, 1871, in consequence of which the costs are not paid. Costs paid Sept. 15th, 1871, and protest fees $34.43," It is evident from the inspection of the record, as well as from the nature of the transaction, that the Prothonotary could not have entered on the docket on the 7th day of August, 1871, that the check was protested on the 11th of August, 1871, and that the costs were paid Sept. 15, 1871, for he could have had no knowledge on the 7th of August of events that did not transpire until the 11th of August and on the 15th day of Sept. following. The record of a case is not made up of everything that the Prothonotary sees proper to write in his docket; but it must consist of such things as are done in the progress of a cause, and which it is the duty of the officer to write upon the docket as they occur, giving the date of the transaction as it takes place as well as the transaction itself.

We are of the opinion that the entry made on the 7th of August, 1871, was an appropriate one, which the law compelled the officer to make; and that the addenda made subsequently to it, are no part of the record and have no more authority than if made by a stranger instead of the Prothonotary. Even if the Prothonotary had authority to make

50    RICHTER *v.* CUMMINGS.

them, he should have stated on his docket clearly and distinctly the day and date he made the entry.    We make these remarks because the counsel for the Plff. insists strenuously that the record as it appears upon the arbitration docket was all made at one time, and is to be so construed by us. The entries made after the 7th of August, 1871, not being part of the record, and the latter as made on the 7th of August, 1871, showing that all the requirements of the statute had been complied with in reference to the payment of the costs on the appeal; a very grave question might arise as to whether parol evidence was admissible to contradict the record by showing that the costs were not paid.    However, it is unnecessary to pass upon this, as the Deft. himself instead of relying upon this principle in order to sustain the appeal has offered his own deposition and that of the Prothonotary taken upon notice, to prove the facts in reference to the appeal as they really occurred.    The Prothonotary proves that on the 7th of August, 1871, the defendant was in his office for the purpose of taking an appeal from the award of arbitrators; that he told the defendant the appeal would not be good without the payment of the costs; that the defendant said he had money in bank; that the language used was " that he had no money with him, and that he would have to give him a check on bank; that defendant told him to fill up a check and he would sign it; that he filled up a blank check on the first National Bank of Selins-grove, and the defendant signed it; that he took the check without objection, expecting to get the money on it; that then he made the entry on the docket, "And now to-wit: August 7, 1871, defendant A. S. Cummings appears, enters into recognizance, pays costs and appeals;" that he endorsed and sold the check to Wm. Beaver, who transferred it to John Norman, who gave it to Mr. Cronmiller; that the latter deposited it in the Mifflinburg National Bank, from whence it was sent to the First National Bank of Selinsgrove for payment, where it was protested on the 11th of August, 1871; that he received the money on check from Beaver when he transferred it to him, and that he refunded the money to Beaver after the check was protested; that upon the protest of the first check, the defendant sent him another, on the Snyder County Bank, which he returned because it did not cover the protest fees of the first check; that the defendant then sent him another check on the Snyder County Bank, covering the costs in the suit and protest fees upon the first check, which was paid September 15, 1871; that defendant was looking over his shoulders when he filled up the first check, and that he could not say whether he read it or not; that after the check was protested he added to the docket entry ("paid by check on the National Bank of Selinsgrove); check protested August 11, 1871, in consequence of which the costs are not paid."    Costs paid September 15, 1871, and protest fees, $34.46.    The defendant testified that he entered the appeal three days before the expiration of the time allowed for an appeal—that

he was unaware costs were to be paid until the Prothonotary informed him, and that he was unprepared to pay them; that he told the Prothonotary he would give him a check on the Snyder County Bank, and directed him to draw up a check on said bank; that it being late in the afternoon he did not look at the check, but supposed all the while that it was on the Snyder County Bank, until he heard of the protest by the First National Bank of Selinsgrove; that immediately upon hearing of the protest, he sent to the Prothonotary a check for the money on the Snyder County Bank, which was kept for some time, and then returned to his little daughter when he was sick in bed; that he then gave another check on the Snyder County Bank for the amount of first check and protest fees, which was paid; that he never kept an account with the First National Bank, but that he dealt with the Snyder County Bank; that he had no funds in either bank on the 7th of August, 1871, when he signed and delivered the check for the costs, but that he placed funds in the Snyder County Bank on the following day, to-wit: August 8, 1871, to meet the check. Defendant also proved by the deposition of Wm. H. Meeker, cashier of the Snyder County Bank, that the defendant placed in his bank, on the 8th day of August, 1871, $31.85, to meet the check he had drawn the day before in favor of Mr. Crouse, and that C. B. North, cashier of the First National Bank, had inquired of him whether a check of defendant for $31.85 was good, or whether the funds were there, and that he replied it was, but no demand was made for the money. It will be seen from this evidence that the defendant undertook to take an appeal from the award of arbitrators three days before the expiration of the period allowed by law for taking the appeal. That instead of paying the costs taxed in the case in cash, that he gave the Prothonotary a check for them drawn on the First National Bank of Selinsgrove, which was protested for non-payment on the 11th of August, 1871, and that the costs were not actually paid in money until September 15th, 1871, a long time after the period limited by law for taking an appeal. The question is whether under the evidence just recited, the appeal is well taken or whether it must be dismissed.

The plaintiff seeks to deprive the defendant of the benefit of a constitutional right—that of trial by jury, which ought to be allowed only in very clear cases and where a party has neglected to comply with the laws securing to him the benefit of the right.

In Seely vs. Barton, 5 S. & R., it was held that on an appeal from an award of arbitrators the costs of a former award in the same suit which was set aside by the court without imposing any terms, must be paid by the appellant and that the neglect of the defendant to pay these costs vitiated his appeal and that it was properly dismissed.

Payment of all the taxed costs is essential to perfect an appeal, and it

is error to refuse to strike off an appeal when all the taxed costs have not been paid. Walter vs. Bechtol, 5 Rawle, 228.

An appeal from an award of arbitrators will be quashed where the appellant does not pay the costs to the Prothonotary but gives an order for them, which the Prothonotary accepts as payment. S. C. The Bedford Mineral Spring Company vs. Featherstone, 17, Legal Intelligencer, 308.

To perfect an appeal from an award of arbitrators, the costs must be paid in actual cash. The Prothonotary has no right to take a note for costs, either in whole or in part. Ellison et. al. vs. Buckley, 6 Wright, 281.

In Carr vs. McGovern, 16, P. F. Smith, 459, Chief Justice Thompson decides, "that payment of the taxed costs is a condition precedent and indispensible to an appeal from an award of arbitrators." Tried by the test of these authorities how does the case stand? The counsel for defendant concedes, that giving a note or an order to the officer for the costs will not sustain an appeal, but argue that the rule is otherwise where the officer accepts a check in the payment of costs. That there is a distinction between a note and a check all will agree. A note is a mere promise to pay money. A check is a written order or request addressed to a banker and drawn upon him by a person having money in his hands, requesting him to pay on presentment to a person therein named or to bearer or order, a certain sum of money. In other words a check is a present appropriation of a sum of money belonging to the drawer, but then in the hands of the banker, to the payment of another. The giving of a check always supposes, that the funds to meet it are at that very time in the custody of the banker upon whom it is drawn, and it is a fraud not only upon the payee, but upon the banker, for a party to give a check when he has no funds in the bank at the time. Peterson vs. The Union Nat. Bank, 2 P. F. Smith, 52. Notwithstanding this distinction between a note and a check, the latter, if given in the ordinary course of business and unattended by special circumstances, is not presumed to be received as absolute payment, even if the drawer has funds in the bank. The holder is not bound by receiving, but may treat it as a nullity if he derives no benefit from it, provided he has been guilty of no negligence which has caused an injury to the drawer. 2 Parsons, on contracts, top page, 135. "A check is not money." The Dimes Saving Institution vs. Allentown Bank, 15 P. F. Smith, 125.

No one would pretend, that a plea of tender could be sustained by proof that the debtor had offered a check in payment of his debt; although a check is not payment, yet if the officers had received the money on it within the period limited by law for taking an appeal, the statute would have been satisfied and the appeal would be good. That is not this case. Here the officer did not receive the money until the 15th of September, a long time after the period allowed by law for an appeal. The defendant insists that the officer having accepted the check,

is bound by it; that he misled the defendant and the appeal ought to be sustained. We have no doubt the officer acted in good faith and to the best of his knowledge; but his negligence or want of knowledge will not condone the error of a party in failing to do what the law requires—Carr vs. McGovern, 16 P. F. Smith, 459. We believe the defendant too acted in good faith and was under the impression that when he gave the officer his check and placed funds in the Snyder County Bank the next day (under the belief that check was payable there) to meet it, that he had done all the law required him to do in order to obtain his appeal. He, however, assumed the risk of payment of the costs by check at his peril, and it is his misfortune, if not his fault, that they were not paid. The officer had no right to accept anything in payment of the costs but actual cash. This rule is founded upon the express language of the statute—is in accordance with sound policy, and as Judge Reed observes in Ellison vs. Buckly, 6 Wright, 283: "Each suit should determine its own litigation, and not be the cause of others by the substitution of notes or credits for actual cash." We regret that we are compelled under our view of the law to deny the defendant the benefit of trial by jury. We have quoted the evidence at length in this opinion and we are glad to know that the defendant will have full opportunity to review our decision in the proper tribunal. And now, February 26, 1872, the rule is made absolute and the appeal is stricken off at the costs of the defendant. To which order defendant excepts.

*Charles Hower*, for the Rule; *Hon. George F. Miller & Sons, Contra.*

*Note.*—This case was carried to the Supreme Court, and affirmed upon the opinion of the court below.