# In re Road in Springdale Township.

1. Under the provisions of art. 16, sect. 8, of the constitution, and the Act of June 13th 1874, on an appeal from the assessment of the viewers appointed to locate a road, a jury trial may be had by either party to ascertain the damages, but such trial cannot be had in the Quarter Sessions, and the appeal must be made to the Court of Common Pleas, as pointed out by the Act of 1874.

2. In proceedings to locate a road the report of viewers set forth " that they met pursuant to legal notice." *Held*, to be sufficient, in the absence of any allegation by any property holder, that he had not received notice.

3. It was not error to send back a report to the viewers for the purpose of noting the improvements more fully.

4. It is true, as a general rule, that a road cannot be located on another road regularly laid out and opened, yet it may be laid on another, so far as it may be necessary to reach the point of ending.

5. Where a supplemental report is signed by two of the three original viewers, it is sufficient.

. October 10th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. . GREEN, J., absent.

. Certiorari to the Court of Quarter Sessions of *Allegheny county:* Of October and November Term 1879, No. 79.

This was a proceeding to lay out a public road from Springdale Station to Colfax Station, through the village of Springdale, on the West Pennsylvania Railroad, and alongside of said railroad for the distance of about a mile.   Viewers were appointed December 11th 1875, who, in March 1876, filed a report in favor of the road.   On May 2d 1876, the Pennsylvania Railroad, the lessee of the West Pennsylvania Railroad, filed exceptions to the report, among others, because it .was located upon a part of their right of way.   On the 19th of May exceptions were also filed by Joseph Mellon, James Hartrey, A. M. Hilty, and. others, owners of property through which the road was located.   They also filed a demand, in writing, for a jury trial, to determine the value of the land taken for public use, as secured to them by art. 16, sect. 8, of the constitution.

On June 5th 1876, James Hartrey and A. M. Hilty presented an application to the court for an issue to try by jury the value of their lands so taken, and the damages sustained by them by reason of the opening of said road.   On July 5th 1876, the court dismissed the exceptions and application, and confirmed the report of viewers.   But on August 16th 1876, the court granted an order staying proceedings, and a rule to show cause why the order of confirmation should not be set aside.   And on July 11th 1877, the court made an order referring the report back to the same viewers, with instructions " to note upon the draft the courses and distances thereof," and " to state whether or not the same have been staked upon the ground," and " to make return to the next court."

·On September 6th 1877, two of the viewers, with one J. H.

[In re Road in Springdale Township.]

Reno, who had succeeded J. B. Stilley, as county engineer, filed a supplemental report, setting forth that they had noted the courses and distances on the draft, and had staked the road out on the ground. They also, in their report, set forth the fact that the road passed through improved lands, a fact omitted in the former report, but not submitted to them by the order referring the report back.

To this report the above parties, excepting the Pennsylvania Railroad, renewed their former and filed additional exceptions, and again demanded a jury trial. The case then remained in this position until the 15th of July 1878, when an agreement having been filed between the attorneys of the petitioners and the attorneys of the railroad, agreeing that the exceptions of the railroad should be withdrawn and the road confirmed, on condition that Antes Snyder, the engineer of the railroad, should fix the true line of the railroad or old canal along which the road was to be opened, the railroad withdrew its exceptions. Then on the 30th of November 1878, the court dismissed the exceptions and confirmed the supplemental report of the viewers. The court made no order as to the demand for a jury trial, and afterwards, on January 16th 1879, made an order directing the road to be opened. Then on March 6th 1879, the exceptants sued out this writ of certiorari.

The following assignments of error will show the exceptions in the court below:

1. The court below erred in dismissing the exceptions, and in confirming the report of the viewers, July 5th 1876. 2. In making the order of November 30th 1878, dismissing the exceptions and confirming the supplemental report of viewers. 3. In not awarding an issue to try by jury the question as to the value of the land of exceptants appropriated for the use of said road, and the damages sustained by them by reason of the location and opening of the same. 4. In refusing the following application : " And now, June 5th 1876, comes James Hartrey and A. M. Hilty, and except to the report of the viewers in this case for the causes assigned in the exceptions already filed by Joseph Mellon. and others, and for the reason that the viewers have not allowed them damages for the land taken for said road. The said James Hartrey alleges that the damages sustained by him, by reason of the premises, is at least the sum of $1000, and the said A. M. Hilty claims that the damages sustained by him, by reason of the premises, amounts at least to the sum of $1000, and they ask that the same be inquired of by a jury, and that an issue be formed to determine by the verdict of a jury how much damages they or either of them have sustained by reason of the taking of their said land for public use." 5. In overruling the first exception filed to the first report of viewers, to wit: "It does not sufficiently appear by said report that they gave notice to the property holders and public interested.

[In re Road in Springdale Township.]

The report alleges 'that they met pursuant to legal notice.'"    6. In overruling the second exception to the first report, viz.: "The report and the draft are both silent as to the fact whether the lands through which it passes are improved or not."    7. In overruling the fourth exception to the first report, viz: "This road is located a part of the way upon a public road already laid out and in use." 8. In overruling and refusing the request made in the ninth exception filed in the first report of viewers, to wit: "And the exceptants also demand that the question as to the damages done to their said real estate, by the appropriation of the same for public use as a highway, may be inquired of by a jury, and that the court will form an issue to try the same."    9. In overruling the first exception filed to the supplemental report of viewers, viz.: "The same persons who are viewers did not act upon or sign the supplemental report.    Mr. Reno was not the artist in the original report." 10. In overruling the second exception filed to the supplemental report, to wit: "The viewers gave no notice of the time and place they met to prepare their supplemental report, or when they met on the ground to stake out the same, and the supplemental report does not set forth when and where they met to discharge their duties."    11. In refusing and overruling the third exception filed to the second report, to wit: "The said exceptants renew their demand for a jury trial to pass upon and determine the amount of damage done to their respective freeholds by the location and opening of said road."    12. In overruling the fourth exception filed to the supplemental report, to wit: "Exceptants except and object to the agreement filed by Brown & Lambie and Hampton & Dalzell, purporting to assent to the fixing of the location of said road by Antes Snyder, &c.    These parties had no right to bind us or other property holders."    13. The court below erred in confirming the supplemental report of viewers, while the confirmation of the original report still stood in full force and unrescinded.    14. In confirming a road which, in its location, materially interferes with five dwelling houses, located in a country district, without sufficient proof of the necessity of the same.

*John Barton*, for plaintiffs in error.—Under art. 16, sects. 8 and 9, of the new constitution, and the decision of this court in Pusey's Appeal, 2 Norris 67, we had a right to demand a trial by jury to determine the value of the land appropriated, and the damages caused by the tearing down or removing of the dwellings.

The fact that notice was given should appear on the face of the report: Boyer's Road, 1 Wright 257.    The report sets forth that the viewers met pursuant to legal notice, but when, or where does not appear.    The improvements must appear by the report or draft: Potts's Appeal, 3 Harris 414.    Locating a new road on the bed of an old one is error: 6 Casey 165.    A county road cannot be

[In re Road in Springdale Township.]

laid out through a man's dwelling without affirmative proof of its necessity: In re Second Street, 11 Harris 346.

*A. M. Brown* and *John S. Lambie,* contra.—It may be that the plaintiffs in error had a constitutional right of appeal and trial by jury, for the ascertainment of their alleged damages, subject to the regulations prescribed by law—but we deny that they exercised such right, or brought their case within the purview of the constitution and the statute regulating appeals in such cases.

No appeal was entered or attempted in this case, but there was a demand for an issue in the Quarter Sessions, and a trial there—a proceeding unknown to the law. The report sufficiently sets forth that public notice was given in a legal manner, of the meeting of the viewers, and that the view was had in pursuance thereof: Road in Middle Creek, 9 Barr 69; Boyer's Road, 1 Wright 257.

Where viewers omit to note the improvements, a report may be referred back to them for correction: Potts's Appeal, 3 Harris 414; Towamencin Road, 10 Barr 195; New Hanover Road, 6 Harris 220. The report was sent back simply to supply clerical omissions. A majority of the original viewers signed the supplemental report and their action was sufficient. No part of the new road was located upon an old road.

Mr. Justice PAXSON delivered the opinion of the court, November 10th 1879.

It may be that the exceptants below, who are the plaintiffs here, would have been entitled to a trial by jury had they taken the proper steps to obtain it. Their exception was as follows:—

"And the said exceptants also demand that the question as to the damage done to their real estate by the appropriation of the same for public use as a highway, may be inquired of by a jury, and that the court will form an issue to try the same."

The 8th sect. of art. 16 of the constitution provides that in all cases of appeal from the assessments of damages made in such cases by viewers or otherwise, the amount of such damages shall, on the demand of either party, be determined by a jury according to the course of the common law. The Act of 13th June 1874, Pamph. L. 283, was intended to give effect to this constitutional provision. By that act an appeal is given to the Court of Common Pleas, to be taken "within thirty days from the ascertainment of the damages or the filing a report thereof in court, pursuant to any general or special act, and not afterwards." The 2d sect. of said act requires that the appeal shall be signed by the party taking the same, or his agent or attorney; and that it shall be accompanied by an affidavit that it was not intended for delay, &c. None of these requisites was complied with. In fact there was no appeal to the Common Pleas. There was a demand upon the Court of

[In re Road in Springdale Township.]

Quarter Sessions to allow a trial by jury, and form an issue to try the same. The Quarter Sessions had no such power under the Act of 1874. It was the duty of the plaintiffs to have entered an appeal to the Common Pleas, as pointed out by the act, if they desired a jury trial upon the question of damages.

The 5th and 10th assignments of error relate to the question of notice. It was not alleged that the property holders had no notice of the meeting of the viewers, but that such notice does not sufficiently appear by the report. The report sets forth " that they met pursuant to legal notice." This is not as full as it might and ought to have been, yet we think it sufficient, in the absence of an allegation by any property holder that he had not received notice. The question of notice is one of fact, and we may well presume the court below decided it correctly. In the tenth assignment, which refers to the supplemental report, the averment is made directly that in point of fact no notice was given by the viewers of the time and place of meeting to prepare their supplemental report. There was no necessity of giving notice as to that, and it is referred to merely to show that the omission of such an averment in the exception to the original report was not an accident. The report was referred back to correct clerical errors and omissions. That this may be done is well settled: Boyer's Road, 1 Wright 257.

The improvements appear to be sufficiently noted in the supplemental report. The report was sent back to the jury partly for that purpose. This was regular under Potts's Appeal, 3 Harris 414. There is nothing before us to show that any buildings are interfered with.

That the road occupies a street already opened for a distance of five hundred and ninety-four feet, we do not regard as material. This was manifestly to reach the terminus at Springdale Station. While it is true, as a general rule, that a road cannot be located on another, regularly laid out and opened, yet it may be laid on another so far as it may be necessary to reach the point of ending called for in the order: Reserve Township Road, 30 P. F. Smith 165; Road from West Chester, Road to Chester, and Germantown Road, 2 Rawle 421; Hess Mile Road, 9 Harris 217; Southampton Road, Id. 356.

There is no force in the exception (see 9th assignment) that "the same persons who are viewers did not act upon or sign the supplemental report." The supplemental report was signed by two of the three viewers who signed the original. The third viewer, J. B Stilley, was the county engineer, and prior to the supplemental report had been succeeded in office by J. H. Reno. The Act of Assembly of February 24th 1845, Pamph. L. 52, provides that the number of road and bridge viewers in Allegheny county shall be three, one of whom shall be a surveyor, if deemed necessary, and a majority of whom shall concur in the report. It is asserted in the

[In re Road in Springdale Township.]

paper-book of defendants that a later Act of Assembly requires that the county engineer shall be the surveyor in all cases. This may be so, but I have been unable to find it after a protracted search. It was not referred to in the paper-book by either its title, the date of its passage, or the Pamphlet Laws, and it is alluded to now merely to express our disapprobation of this mode of citing an Act of Assembly. If material, it should be cited in such manner as to be found without a search · through thirty volumes of the Pamphlet Laws; if not material, it should not be cited at all. We do not regard the act in question as essential, as the supplemental report was signed by a majority of the viewers, which is all the Act of 1845 requires.

The alleged agreement between the petitioners and the· railroad company, referred to in the 12th assignment, does not appear upon the record. Any comment thereon is unnecessary.

What has been said substantially covers the numerous assignments of error. While the record is somewhat ragged, we are unable to see such serious error as would make it our duty to reverse. The proceedings, therefore, are                    Affirmed.