## Greenwood Township Road.

*Road law—Viewers—Signature to report.*

The Act of May 8, 1889, P. L. 129, fixing the number of road viewers at three, did not repeal section 3 of the Act of February 24, 1845, P. L. 52, which was extended to Columbia county by the Act of April 10, 1846, P. L. 286, and which, so far as signing the report is concerned, requires only that it be "signed by a majority of their number." Where two of the viewers have signed the report, the fact that the third viewer does not sign it until the return day, does not vitiate the report.

*Road law—Viewers—Report—Time and place of meeting.*

The report of road viewers need not affirmatively state that the viewers met at the time and place designated. In the absence of evidence to the contrary, or of an inference to be drawn to the contrary from something on the face of the report, it will be presumed that the jury did their duty.

*Road law—Confirmation of report—Exceptions.*

After the report of re-reviewers had been presented for confirmation, exceptions were filed to it, and at the same time a petition was presented for a re-re-review. The court directed this petition to be filed to await the disposition of the exceptions. *Held*, that it was not error to confirm the report of the re-reviewers absolutely without formally disposing of the petition for a re-review.

Argued Jan. 9, 1905. Appeal, No. 25, Jan. T., 1905, by C. R. Henrie et al., from order of Q. S. Columbia Co., Dec. T., 1899, No. 1, dismissing exceptions to report of re-reviewers in the matter of Greenwood Township Road and Millville Borough. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of re-reviewers.

The opinion of the Superior Court states the case.

*Errors assigned* appear by the opinion of the Superior Court.

*H. M. Hinckley*, with him *Wm. C. Johnston*, for appellant.— Viewers cannot agree upon the report: Metzler's Road, 62 Pa. 151 ; Stroud Twp. Road, 6 Pa. Dist. Rep. 634 ; Alley in West Chester, 1 Pa. C. C. Rep. 649; Ephrata Twp. Road, 19 Lancaster Law Rev. 292 ; Newlin Road, 2 Del. 251 ; Bern. Twp. Road, 3 Pa. Dist. Rep. 8 ; East Nottingham Road, 1 Chester Co. Rep. 237.

The report fails to show that the view was had on the day

fixed in the notices or whether the viewers met pursuant to the notice.

As the record now stands a petition is pending for the appointment of re-re-reviewers; but the report of the re-reviewers is confirmed absolutely and the road decreed. This record cannot stand. We claim this was an error in the court which should be reversed by this court.

*James Scarlet,* with him *T. J. Vanderslice* and *Grant Herring,* for appellee.—The report was properly signed: Paradise Road. 29 Pa. 20; New Hanover Road, 18 Pa. 220.

Neither the act of 1836 nor the act of February 24, 1845, require the viewers to report the time of meeting: Kidder Twp. Road, 1 Kulp, 10; Herrick Twp. Road, 16 Pa. Superior Ct. 579; South Abington Twp. Road, 109 Pa. 118; McCall's Ferry Road, 13 S. & R. 25.

The filing of a petition for a third review in no wise affects the case or the record: Strasburgh Road, 2 Yeates, 53; Pomfret Street Road, 2 Rawle, 124.

The report of re-reviewers agreeing with that of the viewers, from which that of reviewers differs, may be confirmed by the quarter sessions: Paradise Road, 29 Pa. 20.

OPINION BY RICE P. J., March 14, 1905:

The seven assignments of error may be considered under the three heads adopted by the appellant's counsel in their statement of the questions involved.

1. The Act of May 8, 1889, P. L. 129, fixing the number of road viewers at three, did not repeal section 3 of the Act of February 24, 1845, P. L. 52 which was extended to Columbia county by the Act of April 10, 1846, P. L. 286, and which, so far as signing the report is concerned, requires only that it be "signed by a majority of their number." Granting, therefore, that one of the re-reviewers had neither signed nor assented to the report prior to the first day of the term to which the order was returnable, it nevertheless would have been a valid report, if filed without his signature, because, admittedly, it had been agreed to and signed by the other two viewers several days before: Springbrook Road, 64 Pa. 451. This being so, it is impossible to see how the signing of the report by the third viewer on the return day vitiated it, even if the extreme prop-

osition be conceded that a viewer's authority to join in a report must be exercised before that time or not at all. In a case arising in Allegheny county, which was subject to the act of 1845, the supplemental report was signed by two of the viewers and a third person who had not been appointed, and yet it was sustained: Road in Springdale Twp., 91 Pa. 260. That case goes far beyond what must be decided in this in order to sustain the report. True it purports on its face to be unanimous, and it was so in fact. If the third re-reviewer gave his assent too late to be of any legal effect, still, as the presumption is that the report was filed or caused to be filed by the re-reviewers, it stands as the act of the majority, and as such is lawful and valid.

2. It is urged that the report is defective because it does not show that the re-reviewers met at the time and place designated in the notice. But as the statute does not require that this fact be specifically set forth in the report, the presumption that the viewers did their duty in that regard will prevail unless there is something on the face of their report from which an inference to the contrary may legitimately be drawn, or the fact that they did not meet at the time and place appointed be established by evidence. See Road in Springbrook, 64 Pa. 451; Road in South Abington, 109 Pa. 118; In re Melon Street, 182 Pa. 397, 406; Road in North Franklin Twp., 8 Pa. Superior Ct. 358; Road in Herrick Twp., 16 Pa. Superior Ct. 579.

After the report of the re-reviewers was presented for confirmation exceptions were filed to it and at the same time a petition was presented for a re-re-review. The court directed this petition to be filed to await the disposition of the exceptions. It is claimed that it was error to confirm the report of re-reviewers absolutely without formally disposing of the petition above referred to. To this it seems to be a sufficient answer to say that the granting of a re-re-review is discretionary with the quarter sessions and that the confirmation absolute of the report of re-reviewers was in effect a refusal of the petition. Presumably the court exercised its discretionary power in thus confirming the report.

We find no reversible error in this record; therefore all the assignments of error are overruled and the order is affirmed.