Per Curiam,
This case in the court below was a certiorari to bring up the proceedings in the matter of the vacation of a certain road. These proceedings were regulated by local statutes applying to Bradford county, and consisted of a report of road commissioners vacating the road, and a report of reviewing road commissioners confirming their action. The jurisdiction of and procedure in the common pleas in such a case are defined and prescribed in the Act of July 2, 1901, P. L. 607, which also authorizes an appeal from the order of that court either in confirming the proceedings, or setting them aside. The particular in which it is claimed that the proceedings were fatally defective is that the report of the reviewing commissioners was signed by only two of the three commissioners, and does not show on its face that all of the commissioners participated in the review. Applying the principles of analogous cases, all of the reviewing commissioners must view, but two may make a valid report. The question then arises whether a report signed by only two of the commissioners, which does not show affirmatively that the other commissioner joined in the view, is fatally defective. In determining this question decisions under the road laws of 1836 and 1845 are pertinent. In McCall’s Ferry Road, 13 S. & R. 25, which has been followed in several subsequent cases, it was held that it need not appear *88 in the body of a report of review of a road that all the reviewers viewed; it is sufficient if it be proved to the satisfaction of the court below. It is argued that this rule does not apply here because under the statute the common pleas had only the jurisdiction which the certiorari gave, and therefore could not receive evidence outside the record in aid of the report. But was it necessary to resort to extrinsic evidence in order to sustain the report? In Spring-brook Road, 64 Pa. 451, the same formal defect that is urged as an objection against this report, existed in the report there under review, and it is apparent from the report of the decision that the objection was not overcome by proof in the court below. It was nevertheless held that the confirmation of the report, notwithstanding this formal defect, was not error. We cannot distinguish that case from the present in any particular which would require or justify a different ruling. We conclude, therefore, that the learned judge below was right in relying upon it in overruling the exception. ,
■ The order is affirmed.