## St. Clair Borough, Appellant, *v.* Souilier.

*Road law—Report of viewers—Exceptions—Time for filing—Acts of May 16, 1891, P. L. 75, and April 2, 1903, P. L. 124.*

1. When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice. This rule is applicable to the provision of the Act of May 16, 1891, P. L. 75, as amended by the Act of April 2, 1903, P. L. 124, providing that exceptions to a report of viewers must be filed within thirty days.

2. Where road viewers are appointed "to ascertain the cost, damages and expenses and assess the benefits by reason of said improvements," they sufficiently comply with their order of appointment if they report no damages to be awarded, and no benefits to be assessed. They are not required to award damages or assess benefits if they find as a matter of fact that the properties were neither damaged nor benefited by the improvement.

3. Where three road viewers qualify by taking the necessary affidavit, and all join in the notice of the first meeting, and the language of their report indicates that all three inspected the line of the improvement, heard the testimony and joined in the findings, their report cannot be attacked on the ground that only two of the viewers acted, because only two of them signed the report.

*Appeals—Road law—Exceptions—Final order.*

4. In a road proceeding an order which merely states "the exceptions are sustained," is not a final order from which an appeal will properly lie; but if an appeal is taken from such an order and the appellate court finds that the exceptions should have been dismissed, it will reverse the order and dismiss the exceptions without resorting to the circuitous proceeding of sending the record back for a proper order and a second appeal.

Argued Oct. 17, 1911. Appeal, No. 65, Oct. T., 1911, by plaintiff, from order of C. P. No. 4, Allegheny Co., Second Term, 1909, No. 353, sustaining exceptions to report of viewers in case of St. Clair Borough v. Magdelena Souilier. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to report of road viewers.

The opinion of the Supreme Court states the case.

_Errors assigned_ were in sustaining exceptions to report of viewers.

_Chas. T. Moore,_ for appellant.—The exceptions were too late: Du Bois Opera House Co. v. Du Bois Borough, 16 Pa. C. C. Rep. 210; Williams Street, 191 Pa. 472.

_T. H. Davis,_ for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

On the petition of the borough of St. Clair the court below appointed three viewers to award damages and assess benefits for the locating and opening of Burr street from Ormsby avenue to Mountain avenue in that borough. On August 25, 1909, the report of the viewers was filed and confirmed nisi. The viewers reported that there were no damages to be awarded, and no benefits to be assessed. Two of the viewers only signed the report, but the exhibits attached show that all the viewers qualified, and signed the notice of the first meeting. On December 11, 1909, more than three months after the filing of the report, counsel for Magdelene Souilier filed exceptions, and moved that the proceedings be set aside. The only reason then assigned was that the report of the viewers did not conform to the order of court appointing them. More than a year afterwards, on December 23, 1910, an additional exception was filed by leave of court, suggesting that while three viewers were appointed, only two of them had acted. The exceptions were sustained, but the court below has filed no opinion and given no reason for its action. The proceedings are under the Act of May 16, 1891, P. L. 75, as amended by the Act of April 2, 1903, P. L. 124. The amendment provides that upon the report of the viewers, or any two of them, being filed in court, any party interested may file exceptions thereto within thirty days; and it further provides that in

case no exceptions are filed within thirty days, the pro-
thonotary shall enter a decree (as of course) that said
report is confirmed absolutely. It is apparent that all the
exceptions in the present case were filed too late. The
first exceptions were filed more than three months after
the filing of the viewers' report, and the last exception was
not filed until more than a year afterwards. "When a
statute fixes the time within which an act must be done,
the courts have no power to enlarge it, although it relates
to a mere question of practice:" Harris v. Mercur, 202 Pa.
313, and other authorities there cited. The same rule is
illustrated and applied in Dunmore Boro. School District
v. Wahlers, 28 Pa. Superior Ct. 39, and in Wingert v.
Teitrick, 31 Pa. Superior Ct. 187.

Furthermore, these exceptions seem to be entirely with-
out merit. In the first two, it is alleged that the report of
the viewers is not in conformity with the terms of their
appointment. But it appears that the viewers were ap-
pointed by an order of court made in answer to a petition
which prayed for their appointment "to ascertain the
costs, damages and expenses, and assess the benefits by
reason of said improvements, in the manner and subject
to the provisions contained in" the act of 1891. The re-
port of the viewers stated that they "have ascertained,
estimated and determined, and do ascertain, estimate,
determine and report the said damages, costs and ex-
penses, as hereinafter set forth, as also the damages al-
lowed, and the assessment of benefits made." The report
further states that the schedule attached to it "shows the
damages, costs and expenses of the improvement, and
damages allowed and to whom payable and the benefits
assessed and against whom." This certainly indicates full
compliance with the order of court. The fact that the
viewers found, that in this case there were no damages to
be awarded, and no benefits to be assessed, and that the
schedule shows the same thing, does not affect the validity
of their findings. They were not required to award dam-
ages or assess benefits, if they found as a matter of fact

that the properties through which the street was to be opened were neither damaged nor benefited by the improvement.

We can find nothing on the record to sustain the allegation that while three viewers were appointed, only two of them acted. The record shows that all three of the viewers qualified by taking the necessary affidavit, and that all joined in the notice of the first meeting. The language of the report also indicates that all three visited and inspected the line of the improvement and heard the testimony and joined in the findings. In Springbrook Road, 64 Pa. 451, 453, Mr. Justice SHARSWOOD said: "It has often been held in this court that it need not appear on the face of the report that all the viewers were present at the view." In Greenwood Twp. Road, 27 Pa. Superior Ct. 549, 551, RICE, P. J., said: "It is urged that the report is defective because it does not show that the re-reviewers met at the time and place designated in the notice. But as the statute does not require that this fact be specifically set forth in the report, the presumption that the viewers did their duty in that regard will prevail unless there is something on the face of their report from which an inference to the contrary may legitimately be drawn, or the fact that they did not meet at the time and place appointed be established by evidence." It was certainly not essential that all of the viewers should sign, for the act of assembly permits any two of them to make the report.

The case, as disclosed by the records, is in an unsatisfactory shape. The act of April 2, 1903, above quoted, authorizes an appeal from the final decree "within thirty days after the confirmation, modification, changing or correcting of any report." But in this case, no such decree appears. The order made is merely, "The exceptions are sustained." This is not a final order from which an appeal will properly lie: Griffiths v. Monongahela R. R. Co., 232 Pa. 639. This appeal might very well be quashed for that reason; and, under ordinary circumstances, it would be. But the effect would only be to send the record back

to the court below, where a final decree might be entered, from which another appeal could be taken. Without advantage to anyone, this would only result in delaying the determination of the questions here sought to be raised. The defects are apparent. In so far as the proceedings are based upon the exceptions filed in behalf of the appellee, they are without warrant. The assignments of error are sustained.

The order of the court below, sustaining the exceptions, is reversed, and it is now ordered that the exceptions be dismissed.