## Mandeville v. Mandeville.

*Mumford & Mumford*, for plaintiff; *A. G. Rutherford*, for defendant.

SEARLE, P. J., April 16, 1928.—This matter is a rule to strike off appeal from award of arbitrators because of the failure of appellant to pay all costs at the time of appeal.

The case was *assumpsit* and was so proceeded with that arbitrators were chosen on a rule entered by plaintiff, the case fully heard by them and their award filed on Jan. 10, 1928, finding in favor of the plaintiff in the sum of $306.80.

From this award the plaintiff appealed on Jan. 23, 1928. On Feb. 6, 1928, defendant obtained a rule to show cause why the appeal should not be stricken off for failure of the plaintiff to pay all the costs of record at the time the appeal was taken. Upon this rule, depositions were taken upon a rule duly served upon plaintiff's attorney. Neither the plaintiff nor his attorney attended upon the taking of the depositions, and no depositions have been taken by them.

Among the depositions taken appear the following:

"Mr. Rutherford: We offer in evidence Continuance Docket for 1927, page 177, Court of Common Pleas of Wayne County, No. 380, June Term, 1927, particularly the following entry:

" 'January 23, 1928, Harry B. Mandeville, by his attorneys, Mumford & Mumford, appeals from the award of arbitrators, and same day bond in the sum of One Hundred Dollars filed.' "

Also the following entry of costs taxed: "Prot., $1.50; Prot., $.50; Att'ys, $3.00; Prot., $.25; Prot., $1.00; Prot., $1.00; Sheriff, $3.50; Prot., $1.00; Arbitrators, $12.00; Prot., $1.00; Prot., $.25; Prot., $.50."

These depositions were taken Feb. 27, 1928. The deputy prothonotary testified that no costs were paid at the time of taking the appeal, though it appears that the item "Prot., $1.50 and $.50" was paid when the suit was brought, and from the undisputed evidence this is the only item of costs paid on or before the appeal was taken.

The rule to strike off the appeal has been argued by the respective counsel, and counsel for defendant filed a brief; counsel for plaintiff filed no brief, and has shown no legal reason why the rule should not be made absolute.

The Arbitration Act of June 16, 1836, P. L. 715, 723, provides that upon appeal, such party, his agent or attorney, shall pay the costs that may have accrued in such action or actions, and provides for appeal within twenty days.

Where a statute fixes a time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice: Harris v. Mercur, 202 Pa. 313, and other authorities there cited. The same rule is illustrated and applied in Dunmore School District v. Wahlers, 28 Pa. Superior Ct. 39, and in Wingert v. Teitick, 31 Pa. Superior Ct. 187; also, St. Clair Borough v. Souilier, 234 Pa. 27.

The payment of all costs that may have accrued in such suit or action is a condition precedent to the taking of such appeal: Walter v. Bechtol, 5 Rawle, 228.

This is a case where the plaintiff appealed from the award of arbitrators without paying all of the costs, and the Supreme Court said: "The costs were not paid within the period allowed to perfect the appeal, of which the payment of all the costs taxed is an integral part. Part, but not all, of the costs were paid:" Carr v. McGovern, 66 Pa. 457.

In this case the Supreme Court said the want of payment of costs was an incurable defect. The payment of costs taxed is a condition precedent to a valid appeal.

The negligence or want of knowledge of the officer (prothonotary or prothonotary's clerk) does not condone the errors of the party in failing to do what the law requires in order to perfect the appeal: Ellison v. Buckley, 42 Pa. 281; Breeden v. Bank, 75 Pitts. L. J. 213 [9 D. & C. 605].

Appeal taken from award of arbitrators was struck off where the plaintiff failed to pay the accrued taxed costs within twenty days after entry of award, as required by Act of June 16, 1836, § 27, P. L. 723 [9 D. & C. 605].

This case is one of the latest, being reported in Monaghan's Digest of 1927. The cases hold that the costs must not only be paid, but must be paid in cash. The costs were taxed of record and were plainly visible to the plaintiff or his attorney, and, not having been paid as required by the act of assembly, the appeal must be quashed and stricken off.

Now, April 16, 1928, the rule granted on Feb. 6, 1928, to show cause why the appeal from the award of arbitrators should not be stricken off is made absolute, and the said appeal is quashed and stricken off.