# Southampton Road.

1. A petition was presented praying for the vacation of a road between two points *and instead of it* for a road beginning at the first point and running to a point at or near a school-house, on a public road which led thence to the other extreme point. *Held,* that a report vacating the old road and laying out one terminating on the public road near to the school-house was regular, and that it was not necessary to resurvey the old road.

2. The point near the school-house was not an intermediate point but the terminus of the new road.

CERTIORARI to the Court of Quarter Sessions of *Cumberland county.*

A petition was presented to the Court of Quarter Sessions, in which it was stated that the petitioners labored under inconvenience for want of a road to Oak Grove school-house, and one of them complained of a road passing through his land and injuring it, which injury might be avoided by changing the route and location of the road. The part which was suggested to be *vacated* began at or near a corner of land of Bomberger and Newcomer, thence, about a mile in distance, to the house of Coover, which was situate at a point of junction with a road leading to McCune's mill. The road proposed to be laid out, *instead of the part to be vacated,* began at or near the corner of lands of Bomberger and Newcomer, thence to a point at or near Oak Grove school-house. The school-house was on a public road leading from Coover's past the school-house towards McCune's mill, and it was about 141 perches distant from Coover's.

The Court appointed three persons to view the road between the points to be vacated, and if they or any two of them agree that it has become inconvenient, and that there is occasion for another in lieu thereof, that the same be laid out by them, &c.

The viewers reported that they viewed the road, &c., and that two of them report in favor of vacating the road desired to be vacated, and in lieu thereof located a road beginning at the same point, and running, by a different course from the one proposed to

[Southampton Road.]

be vacated, thence 280 perches to a point in the public road leading to McCune's Mill; the said point of intersection being 25 perches from Oak Grove School-House.—The said point of intersection was between the school-house and Coover's house.

Exceptions to the report were filed:—one was as follows: 1. The petition is to vacate part of a road, and supply the part vacated by another in lieu thereof; and the viewers vacate the said part and do not supply its place by another road, but lay out a new road between other points and running in a different direction.

2. The petition and order fixes a point on the route between the points to be vacated, and requires the viewers to locate the road, supplying its place at or near said point.

3. The viewers do not report that the part of the road vacated has become useless, inconvenient, or burdensome, without which the Court have no authority to vacate it.

The Court below said that it was the duty of the viewers to lay out a new road, so as to supply the place of the part vacated, and form a connection between the parts of the old road which have not been vacated. That this could have been done by carrying the road on the bed of the old road leading to Coover's, had the petitioners not limited them to a point at or near the school-house: 2 *Rawle* 422. The Court thought the petition was not in proper form, and that it trammelled the viewers in the performance of their duty: Newville Road Case, 8 *Watts* 172. The proceedings were set aside.

This was assigned for error.

*Watts*, with whom was *Parker*, for plaintiffs in error.—" Oak Grove School-House" is situate upon a public road, and public interests required that a road should be laid out from Bomberger's to that point, and the establishment of such a road would supersede the necessity of the old one. The 18th section of the Act of 1836 seems to have been intended to meet such a case as this one. The Act provides that the Court shall have power upon petition " to change or vacate the whole *or any part* of any private or public road." It does not necessarily follow that both the termini of the road prayed for shall be upon the route of the old road. If the petitioners had prayed for a public road from Bomberger's to the " Oak Grove School-House" and no more, the viewers might not have sanctioned such a road, for the reason that the old road ran so nearly between the same points that both were not necessary. If they had prayed for the vacation of the old road alone, that might not have been sanctioned, because one road was absolutely necessary. No good could have resulted from so shaping the peti-

tion as would have required the viewers to run over the public road from " Oak Grove School-House" to " Coover's," and although the Court say in 2 *Rawle* 422 that it will do no harm, yet that it is unnecessary.

*Colwell*, contrà.—The location of a road to Oak Grove School-House is not contested; but the objection is that under the petition the viewers could not lay out such a road without vacating the other road. Both the old and the new road may be necessary, yet the viewers had no discretion in the matter, and if they considered the new road necessary, they were obliged to report in favor of vacating the old one. There should have been *two* petitions, one under the first section of the Act, which renders the appointment of viewers *obligatory* on the Court; the other under the 18th section, under which the appointment of viewers is discretionary : Newville Road Case, 8 *Watts* 172.

The petition is to vacate a part of a road, and supply the part vacated by another instead of it. But the viewers vacated the said part and did not supply its place by another road. They have vacated the part of the old road between Bomberger and Newcomer's corner and Coover's house ; and have laid out a new road from the first point *to Oak Grove School-House*. It was intimated that the one laid out could not supply the place of the part of the old road vacated, when the school-house is 141 perches distant from Coovers. It was added that if the viewers in the exercise of their discretion, had thought proper to lay out a new road by Oak Grove School-House, they had the right to do so, if they had continued it so as to connect with the part of the old road not vacated. That this could have been done, by laying it out on the route of the old road leading to Coover's and beyond that : 2 *Rawle* 422.

2d exception. In the petition an intermediate point between the extreme points should not have been designated. The viewers should not be thus limited in their action.

3d exception. The viewers should have reported whether the road desired to be vacated had become inconvenient. The Court should have had information as to that from the report.

See case of Hess' Mill Road, antea 217, &c.

The opinion of the Court, filed July 25, was delivered by

BLACK, C. J.—This is very nearly the same case with " Hess's Mill Road," in Lancaster county, decided at the present term. It is desired to vacate an old road, which has become useless, inconvenient, and burdensome ; and to supply it by another. But the best way to supply it is to use another road already established for part of the distance. In " Hess's Mill Road" we held that the viewers might adopt such portions of the other old road as

[Southampton Road.]

they thought proper, though the petition made no reference to it, but merely prayed in general terms that the road to be vacated might be supplied by another, to be laid out in lieu of it. In the *present case*, the petition asked for the vacation of a road from Bomberger's to Coover's, and that it might be supplied by a new road from Bromberger's to Oak Grove School-House, which, at the latter point, would intersect another road (McCune's mill road), running thence to Coover's. By this means the parts of the old road not vacated are connected together. If this could have been done by the viewers on their own judgment, I know of no principle which makes it the worse, because the petitioners also desired it, and expressed their wish for it. Oak Grove School-House was not an intermediate point, but the terminus of the new road. It was not necessary to re-survey or lay out anew McCune's mill road, and therefore it was proper enough to make the school-house the terminus.

The order of the Court, setting aside the report of viewers, is reversed. The report is reinstated, and the record is remitted to the Court of Quarter Sessions, to be proceeded in according to law.