# Baldwin and Snowden Road.

1. It is the duty of road viewers to endeavor to obtain releases from owners through whose lands they lay out a road; and, in case of failure, to assess the damages, and to make report thereof to the court.

2. When the report of road viewers is not made at the term next after the issuing of the order, parties have a right to consider the application as abandoned.

3. The law does not provide for notice to parties interested in road views and orders, but the getting up a petition to the court, the appointment of viewers and their visiting the ground, are circumstances of notoriety, to put all parties on their guard, that they may know when to attend court to be heard.

4. An order of 30th Sept. 1854, extending the time for making a report on an order to view a road, made Dec. 10, 1853, but which had not been acted upon, is null, the original order being *functus*.

5. If a view cannot be had in time to report to the next term after the order issued, a continuance of the order from time to time should be obtained in open court and docketed so that the record may be notice that the order is still pending.

CERTIORARI to the Court of Quarter Sessions of *Alleghany County.*

The opinion of the court was delivered May 18th, 1857, by

WOODWARD, J.—The 3d section of the act of 24th February, 1845, requires viewers to endeavor to obtain releases from owners through whose lands they lay out a road, and in case of failure, to assess the damages, and to make report thereof to the court.

The report before us is defective in this particular. It is

[Baldwin and Snowden Road.]

silent on the subject of releases and damages, though it mentions the names of numerous owners through whose lands the road runs. If there were releases, or if they considered the question of damages and assessed none, they should have said so. The act of assembly was designed to avoid the delay and expense of a second view, and it was as much the duty of the viewers acting under it, to adjust the damages, either by releases or assessments, as it was to lay out the road.

There is another objection which is fatal to the proceedings.

The viewers were appointed and the order issued on the 10th Dec. 1853, but the report was not made until the 22d Nov. 1854. The opponents of the road had a right to consider the application abandoned when no report came in at the next term after the order issued. There is no provision for notice to parties interested in road views and orders, but the getting up a petition to the court, the appointment of viewers and their visiting the ground, are circumstances of notoriety to put all parties on their guard, and that they may know when to attend court to be heard. The act provides that the viewers shall report at the *next* term. We have several times said that this provision must be observed. 23 State R. 485; 26 id. 472. It was intended to prevent just what happened in this case, the revamping of a stale and forgotten proceeding to the surprise and, possibly, to the wrong of the parties who may have been in attendance to oppose the road up to the time which the law had fixed for the coming in of the report, but who had no reason to expect it afterward.

The order of 30 Sept. 1854, extending the time for making the report, was null, because the order to view was defunct long before. If a view cannot be had in time to report to the next term after the order issues, a continuance of the order from time to time should be obtained in open court and docketed, so that the record may be notice that the order is still pending. But to let the original order die out, and lie dead for two or three terms, and then come in to galvanize it into life, is to proceed according to no statute or safe precedent.

It is unnecessary to notice the other errors assigned, for these are sufficient to set aside the proceedings.

The decree of confirmation is reversed, and the proceedings set aside.