# Road in Reserve Township.

1. Where the order ef review had expired before its execution, all subsequent proceedings under it, were unauthorized.

2. An order to view, or review a road, may be reviewed and continued by the court, from time to time.

3. The confirmation of a view and report, *nunc pro tunc*, followed by the simultaneous final confirmation and issue of the order, to open the road, do not cure previous informal and unauthorized proceedings.

4. A return for private use, is a sufficient compliance with the law, touching its necessity.

CERTIORARI to the Court of Quarter Sessions of *Allegheny county*.

Sept. 6, 1856. Petition of Charles L. Goehring was presented, showing that he labors under great inconvenience for want of a private road, to lead from the public road or street, called Chestnut street, to the dwelling-house of petitioner, in said county, and praying the court to appoint viewers to lay out the same, according to law.

Sept. 6, 1856. The court, on motion of John M. Kirkpatrick, appoint R. E. M'Gowen, William Coleman, and G. E. Warner, said viewers.

Sept. 6, 1856. Order to view exit.

Oct. 11, 1856. On motion of John M. Kirkpatrick, in open court, and upon good and sufficient reasons shown, it is ordered and decreed, that the time for the purpose of the within order be extended until Saturday, the 25th instant.

Oct. 25, 1856. Report filed, laying out a road, as appears from draft and report, and awarding damages to the widow and heirs of M. M. Shirk, amounting to $750.

Oct. 25, 1856. On motion of John M. Kirkpatrick, and in accordance with previous decree, the within view allowed; filed *nunc pro tunc*.

Dec. 20, 1856. Exceptions filed.

Dec. 20, 1856. Petition for review filed.

Dec. 20, 1856. The court award a review, and appoint J. A. Coulter, sen., John Herron, and H. S. Fleming, reviewers, to make report to the next term of the court. Same day, order exit.

March 28, 1857. Report of reviewers filed.

April 25, 1857. The following order made: " And now, to wit, April 25, 1857, the court approve the report of the reviewers, *nunc pro tunc*, as of December Term, and fix the width of the said road, when opened, at twenty feet, and *eo die* the said report the said reviewers, so approved as of the proper

[Road in Reserve Township.]

term, as above, is confirmed absolutely, there being no exceptions filed, and the opening of said road, in accordance with the report of the said reviewers, and with a width of twenty feet, as above indicated in said approval, ordered and decreed." Same day, order exit.

May 30, 1857. Exceptions filed to report of reviewers, and, same day, rule to show cause why the proceedings should not be set aside; and in the meantime, the further execution of the order for opening the road stayed.

April 8, 1858. Exceptions to review overruled, and rule to show cause discharged.

The questions decided in the case were raised by the three following exceptions:—

1. The reviewers do not state in their report that said road is necessary.

2. The order of court to open the road, was prematurely made.

3. The report of the reviewers should have been made to December Term, 1856, being the term after the order of review was granted.

The overruling of the exceptions is assigned for error.

*Reed*, for exceptants, referred to 3d sec. Act of 13th June, 1836; *Extension of Second Street, Columbia*, 11 Har. 346; 5 Barr, 101; *Road in Middle Creek Township*, 9 Id. 69; *Frankstown Road*, 2 Casey, 472; *Stouffer's Appeal*, 1 A. L. R. 44; *Appleby Manor Road*, 1 Grant's Cases, 443; *Neeld's Road*, 1 Barr, 353.

*Kirkpatrick*, for defendant in error, cited *Schuylkill Falls Road*, 2 Binn. 250; *Spear's Road*, 4 Id. 174; *McCall's Ferry Road*, 13 S. & R. 25; and *Middle Creek Road*, 9 Barr, 69.

The opinion of the court was delivered, March 29, 1859, by

CHURCH, J.—The proceedings, as they appear of record in this case, cannot be sustained by any legal principle. The order for review was, by law, returnable at the next term of the court, after granted. Purd. Dig. 718. The then next term commenced the fourth Monday, (the 22d day) of December, 1856. The view under this order, however, was not had and reported upon until the 21st of March following; nor was it filed in court until subsequent to the commencement of the March Term, on the fourth Monday, (the 23d day) of March, 1857. On the 25th of April, 1857, the court confirmed this report *nunc pro tunc*, as of December Term, 1856; and *eo die* confirmed the same absolutely; and also, at the same time, issued the order to open the road.

[Black *v.* Aber.]

The order of review having expired prior to its execution, all subsequent proceedings under it were unauthorized. It is true, the order might have been reviewed and continued by the court, but it was not. The confirmation, *nunc pro tunc*, followed by the simultaneous final confirmation and issue of the order to open, cured nothing; these were as irregular and unauthorized as the view itself. Instead of a correction, the errors accumulated at every step. The result, no doubt, of inadvertence, arising from a misunderstanding by the court, touching the alleged general acquiescence by all parties interested. If there be any right to have a private road here, it is not by reason of the road law, and these proceedings, but because of some existing contract. The Quarter Sessions is not the court for enforcing the performance of contracts. The return for private use, is a sufficient compliance with the law, touching its necessity. 17 S. & R. 388.

Proceedings reversed.