## Metzler and Hugus's Road.

62　　151
26 SC ²574

1. A road order was issued at February sessions to A., H. and M., viewers. No view was had until the first day of May Term ; on that day, S. was substituted for M., and the substitution endorsed on the original order ; the view was had, and the report made the same day. The proceedings were quashed by the Supreme Court as irregular.

2. An order of view, &c., must be executed and returned to the next term, and when it 'has expired before its execution, all subsequent proceedings under it are unauthorized.

3. The fiction that there are no fractions of a day is not applicable in such cases as this.

4. Where there had been no view until after the meeting of the court on the return day, all parties had a right to consider the proceedings abandoned ; no notice is to be presumed from the public notoriety of the proceedings.

5. The substitution of a new viewer on the record, and endorsement of his name on the order, was not notice of his authority to those on the ground.

May 11th 1869.　Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Certiorari to the Court of Quarter Sessions of *Somerset county :* Of May Term 1869, No. 46.

On the 20th of March 1868 (February Sessions) on the petition of Isaac Hugus, the court appointed H. D. Altfather, Peter R. Hillegas and Valentine Muller viewers to vacate a private road from a point near the petitioners barn to Metzler's mill. On the 4th of May, the first day of the next term, on motion of the petitioner's attorney, G. N. Smith was substituted in the place of Muller, who neglected to attend, and his appointment was endorsed on the original order. Same day report of viewers, that they had viewed the road, and that it was useless, &c., was filed.

Metzler filed these exceptions to the confirmation of the report :

1. There was no notice of the meeting of the viewers given to Samuel Metzler, the party in interest. ·

2. A new viewer was appointed on application of the counsel for the petitioner and a view had, on the same day without any legal notice to Samuel Metzler, the party in interest. Depositions

were taken and there was evidence that Metzler had notice before
and on the 4th of May that the view would be had on that day.
On the 28th of November 1868, the report was confirmed abso-
lutely. Metzler took a certiorari from the Supreme Court and
assigned for error, that the court erred,

1. In appointing G. N. Smith a viewer, and receiving his report
and entering a confirmation *nisi* at the same term.

2. In confirming the report of the viewers when no reasonable
notice had been given to Samuel Metzler, the party in interest, of
the time when the viewers met.

3. In allowing depositions to be taken to prove notice to Samuel
Metzler, when the viewers in their report do not assert that notice
was given.

J. H. Uhl and A. H. Coffroth, for plaintiff in error, cited
Frankstown Road, 2 Casey 472; Road Law, June 13th 1836,
§ 3, Pamph. L. 555; Purd. 871, pl. 3; Baldwin and Lower St.
Clair Road, 12 Casey 9; Appleby Manor Road, 1 Grant 443;
Boyer's Road, 1 Wright 257; Heidelberg Road, 11 Id. 536.

There was no paper-book or argument for defendant in error.

The opinion of the court was delivered, May 24th 1869, by
AGNEW, J.—On the 20th of March 1868 viewers were appointed
to view and vacate a private a road, returnable to the next term
commencing on the 4th day of May 1868. The order was issued
to the viewers, but nothing done under it until after the meeting
of the court on the return-day of the order, when, on application
to the court, a substitute for one of the viewers was appointed,
who with the other two went upon the ground, viewed and made
report, all on the same day, after the term had commenced. No
order whatever issued to the new viewer, but he and the other two
endorsed their report upon the former order, reciting it as the au-
thority under which they had acted. Thus, upon an order to
Henry D. Altfather, Peter R. Hillegas and Valentine Muller, a
report was made by G. N. Smith, Peter R. Hillegas, and Henry D.
Altfather. Clearly this is irregular. It has been repeatedly said
by this court that the Act of Assembly requiring the order to be exe-
cuted and returned to the next term must be obeyed; and when
the order of view or review has expired before its execution, all
subsequent proceedings under it are unauthorized: Road in Re-
serve Township, 2 Grant 204; Frankstown Township Road, 2
Casey 472; Baldwin and Snowden Road, 3 Grant 62; Heidelberg
Township Road, 11 Wright 536. In the present case the time for
executing the order had fully expired. The fiction that there are
no fractions of a day for judicial purposes, and therefore the view
and report having taken place on the return day, should be held

[Metzler's Road.]

good, is not applicable to proceedings such as this.   As remarked by Woodward, J. (3 Grant 63), "There is no provision for notice to parties interested in road-views and orders, but the getting up a petition to the court.   The appointment of viewers and their visiting the ground, are circumstances of notoriety to put all parties on their guard, and that they may know when to attend court to be heard."   Now it is very clear that when no view has been had on the ground until after the meeting of the court on the return-day of the order, and when all persons interested therefore had a right to conclude that the order had been abandoned, it furnishes no notice whatever to the persons interested.   This is a certiorari and we have held that we cannot go out of the record to inquire into facts.   If it were even true, therefore, as a fact that the party most interested in this case was told that the viewers had gone to the ground to make a view, it would not justify this court in supporting a proceeding so grossly irregular as this, and so calculated to put parties off their guard.   To hold that the viewers need not act till the return-day, and one of them declining, a viewer can be appointed after the meeting of the court, and that he and the remaining two may run off two miles or ten, make a hasty view, return and report, all on the same day, would make a dangerous precedent, to be visited upon ourselves hereafter in cases of the most extraordinary character.   In addition to this, that one of the viewers should go upon the ground and exhibit, as his warrant to enter upon the private lands of the citizen, an order to another person, presents a laxity not to be tolerated.   It is true, the appointment of G. N. Smith is to be found in the record, but when he went to execute his duty he was apparently, to all persons assembled there on the business, devoid of all authority.

For these reasons we must quash the entire proceeding.   Proceedings reversed.