# In re Road in McCandless Township.

110  605
126  101

110      605
26 SC ⁵436

1. Under the Act of May 3d, 1855 (Purd. Dig., 1501), which authorizes courts of Quarter Sessions "to inquire of and to change or vacate the whole or any part of any public or private road which may have been laid out by authority of law, and opened in part," the partitioners are not obliged to ask for a view in the alternative. They may pray for either vacation or change separately, or the prayer may be in the alternative.

2. A writ of *certiorari* brings up the record only and not the evidence of collateral facts, hence an objection that one of the viewers in a proceeding to vacate a road was a signer to the original petition upon which a road was laid out, cannot be urged in the Supreme Court, as the former petition is not a part of the record of the proceedings to vacate.

3. *Semble* that a person, who was a petitioner in a proceeding to open a road, is not disqualified from acting as a viewer in a subsequent proceeding to vacate the same road.

4. A rule of court prescribing the time within which certain miscellaneous applications shall be made, is valid provided it takes away no right given by the general law of the land.

5. The rule of the Court of Quarter Sessions of Allegheny county, prescribing that a petition for a review must be made before the expiration of the first week of the term succeeding that in which the report of the viewers is filed, is a valid rule and does not conflict with the Act of May 3d, 1855, which provides that any person interested shall be entitled for a review upon application therefor "at or before the next term. . . . . after the report on the first view."

October 27th, 1885.   Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.   PAXSON, J., absent.

CERTIORARI to the Court of Quarter Sessions of *Allegheny county :* Of October and November Term 1885,   No. 54.

This was, in the court below, a petition to vacate a road in McCandless township, which had been laid out and opened in part.

The record shows, *inter alia*, the following :—The petition was filed on June 4th, 1884, setting forth that a road, beginning in a public road at Phillip Haas' barn, in the township of McCandless, thence running by various courses and distances to a public road at Adam Keil's gate, where it ends, laid out by order of court, was confirmed at March sessions of the Court of Quarter Sessions, in the year 1883, at No. 4 of December session, 1881; that the said road has been opened in part, to wit: at the eastern end, the part which extends through the lands of Wm. Grubbs and Catherine Netzky's land, and between lands of said Grubbs and Mrs. Godfry Netzky, is useless and inconvenient. Petitioners therefore prayed the court to inquire of and vacate the same ; and for that purpose to appoint three persons, qualified according to law, to view said road, and make report of their proceedings at the next term of court.

On the same day the court appointed viewers, who presented their report on September 6th, 1884, as follows: "We, the undersigned persons, appointed by the within order of court, to view the road therein mentioned, respectfully report : That, having all been present at the view of said road, August 19th,

[Road in McCandless Township.]

1884, and having all been first duly sworn, in pursuance of said order, we have reviewed said road, and that we are of opinion that there is no occasion for such a road, and that the same is not necessary for a public road, and we find, further, that the part opened has become useless, inconvenient and burdensome, and the whole ought therefore to be vacated." On the same day this report was confirmed *nisi.*

On September 19th, 1884, the following exceptions were filed to the report of viewers.

*First.* The petition and all subsequent proceedings, including the report vacating the road, are illegal and void, because the Act of Assembly, under which the same have been conducted, does not warrant an order to vacate only, the whole or part of said road; the Act is in the alternative, " to vacate or change," and the order is to vacate only.

*Second.* Samuel Wallace, one of the viewers, was and is in the case of this road viewed at No. 2, Sept. session, 1883, a petitioner, praying that the same be annulled, or vacated, and is ineligible as a viewer for that reason.

*Third.* The whole proceeding is illegal, irregular and void, not being warranted by the Act of Assembly in such case made and provided.

*Fourth.* The report of viewers is not attached to or made upon an order of court, and no order is returned to warrant the view, or report.

*Fifth.* The petition and report are irregular and void—especially in that the report does not show that " due legal notice was given of the time and place of the view."

*Sixth.* The viewer, Samuel Wallace, is also a petitioner in the review at No. 4, Dec. session, 1881, and is ineligible as a viewer for that reason.

To meet the fourth and fifth exceptions, the court, upon petition, ordered the report of the viewers to be referred back for correction. On November 22d, 1884, the amended report was filed and on November 28th, the exceptions to the same were dismissed and the report confirmed.

On December 6th, 1884, on motion of the attorney for the petitioners, the order of November 28th, 1884, was set aside as to the part confirming the report, as being improvidently granted in the same term to which the report was filed. Subsequently, on December 8th, 1884, the report of the viewers was finally confirmed.

On January 11th, 1885, the exceptants presented a petition for a review, representing as follows: That at No. 3 of June sessions, 1884, a petition to vacate a road laid out in McCandless township, from a public road at Phillip Haas' barn to a public road at Adam Keil's gate, was presented to the court,

[Road in McCandless Township.]

and a view ordered accordingly; that the viewers therein appointed have made report, September 6th, 1884, vacating said road, which was opened in part, and which report, on the 28th day of November, 1884, was confirmed. Your petitioners, residents of McCandless and adjacent townships, further say: That said road, so vacated, is necessary for the public use, and is located on as good ground as can be found in that vicinity, and that it does the least possible damage to land over which it is laid out. They therefore ask your Honors to appoint proper persons as reviewers to review and vacate or change said road between said points, and to make report to your Honorable Court at the next term, according to the Act of Assembly in such cases made and provided, and they will ever pray.

The court refused this petition, entering the following order:—" And now, January 11th, 1885, petition for review presented in open court, and in the opinion of the court the time being passed for such an application it is refused."

Whereupon exceptants took this writ, assigning for error the action of the court in dismissing the first and sixth exceptions, filed September 19th, 1884, and the order dismissing their petition for a review.

*A. M. Watson* for plaintiffs, in error.—The first assignment of error is fatal, and the order of court directing the view to vacate only was illegal. Until the Act of May 3d, 1855, was passed, after a view or review of a road had been confirmed, and " the next term after the one to which the report had been filed " had gone by, there could be no proceeding to vacate until the road had "become useless, inconvenient and burdensome." But the latter Act opened the way for a view " to vacate or change the whole, or any part of a road laid out and opened in part," clearly submitting to the viewers the duty to view the road, or the part or parts included in the order, and to vacate or change all of it, or to change a part or parts of the road, and to vacate the part or parts to correspond with such changes as they might make, reporting back either that there should be no road or that it should be improved, changed and vacated. The error committed in this case lies in confounding the Act of May 3d, 1855, with the Act of 1836, sec. 26. It is submitted that the view in this case vacating, under an order empowering the viewers to vacate only, is not what the Act of 1855 authorizes, but a view giving the power to examine and determine whether the road in part opened can be changed to meet the public necessity, so that the report may take in the merits and demerits of the route, and lay the result before the court.

[Road in McCandless Township.]

The second assignment raises a fatal objection to the report of viewers in this case, which the court confirmed over exceptions filed, claiming that Samuel Wallace, one of the viewers, was also a petitioner for the review of the same road, at No. 4, December Term, 1881. Wallace was ineligible, and could not be a viewer upon any view of that road: In re May Town Road, 4 Yeates, 479; In re Radnor & Newtown Road, 5 Bin., 612; In re McClaysburg Road, 4 S. & R., 200.

The petition for review was not too late. The Act of Assembly provides that any person interested shall be entitled to a review at or before the next term of court after the report upon the first view, and this he may demand as a matter of right. January 11th, 1885, when the judge refused to appoint reviewers, was in December Term, 1884 (the next term after the report), and the petitioners had the right to the review in the plain words of the Act.

No order or rule of practice could deprive the petitioners of the review, and the refusal of the judge would work positive injustice: Duff's Road, 16 P. F. S., 460; In re Road in Indiana County, 1 Id., 296; In re Road in Franconia Township, 28 Id., 319.

*D. M. Alston*, for defendants in error.—The first assignment of error is null and void. Neither the Act of Assembly of May 3d, 1855, under which this proceeding was begun, nor the road law in general will uphold it. The said Act of 1855, Purd. Dig., 1501, pl. 35, clearly warrants the Court of Quarter Sessions to issue an order to viewers, to view and report as to whether a road should be vacated or not. We do not contend that the Act is not in the alternative; we submit that it is, but we construe that alternativeness to be as follows: The petitioners can pray to have the road vacated, or they can pray to have it changed, or they can pray to have it changed or vacated; and the petition must distinctly state that which the applicants wish. If the petition be granted, the court must limit the order to the viewers to that which is prayed for; otherwise, there would be no end to proceedings.

As to the second assignment, there is no question. It is absolutely void, for different reasons. As will be seen by the records at No. 4, December sessions, 1881, Samuel Wallace, the viewer here objected to, did sign the petition for the review at that proceeding. But he was not for that reason ineligible to act as a viewer at No. 3, June sessions, 1884. The fact of his having been a petitioner at a former proceeding does not affect the legality of his acting as a viewer at this new and different proceeding. The Supreme Court has never gone further than to hold that "a petitioner cannot act as a reviewer"

14 OUTERBRIDGE—39

in the same proceeding. This is on account of interest. And the latest decision we find to that effect is reported in 4 S. & R., 200, made in 1818. Since then, we have the Act of 1836, which declares that " any discreet and reputable citizen may be appointed viewer for any of the purposes mentioned in this Act": Purd. Dig., 1510, pl. 104. And the Act of 1855 declares that " no person residing or owning land along the route of such road shall in such case be a viewer." It is claimed that Wallace was ineligible by reason of interest. Wallace had no actual interest in the road, and the fact of his having signed the former petition was known to the plaintiffs in error and should have been raised at the view: Road in Allen Township, 6 Har., 463 ; Road in Lower Windsor, 5 Casey, 18. The question of partiality of viewers is for the court: Road in Chartiers Township, 10 Casey, 413.

These proceedings were all in pursuance of the rules of court. The said rules were made to facilitate the business of the court, and are within the Statutes. No rights of parties were taken away. As intended by the Act of 1836, the other side had one full term in which to ask for a review. Rule 13 of the Court of Quarter Sessions of Allegheny county limits the time in which that report shall be made as follows : " Every order issued for view or review shall be made returnable to the next ensuing term, and the report thereon shall be returned and presented to the court within the first week of the term to which it is returnable." Section 4 of the said Act of 1836 is as follows: " If the court shall approve of the report . . . . . and, at the next court thereafter, the whole proceedings shall be entered on record, and henceforth such road shall be taken, deemed and allowed to be a lawful public road, etc." And rule 16 of the said court limits a portion of that term as follows: " After the first week of the next ensuing term, after the report is presented and approved, the clerk shall, of course, mark it, ' confirmed,' and enter the proceedings of record, if no exception or review is pending."

Thus, it will be seen, we were clearly within the rules in this matter. The lower court has limited the time within which to file exceptions and apply for a review, to the first week of the next ensuing term, after the report is filed and confirmed *nisi.* Such court rules are valid: Road in Little Britain, 3 Casey, 69 ; Road to Ewing's Mill, 8 Casey, 282.

Mr. Justice STERRETT delivered the opinion of the court November 9th, 1885.

The Act of May 3d, 1855, supplementary to the general road law, authorizes courts of Quarter Sessions " to inquire of, and to change or vacate the whole or any part of any public

[Road in McCandless Township.]

or private road which may have been laid out by authority of law, and opened in part"; and requires them to "proceed therein by views and reviews in the manner provided for the vacating of other roads by existing laws": Purd. 1501, pl. 35. Under that Act, a petition was presented at June sessions, 1884, setting forth that a specified part of a certain public road, theretofore laid out by proceedings commenced at December sessions, 1881, and opened in part, was useless and inconvenient, and praying the court to inquire of and vacate the same, etc. During the first week of next term, the viewers, appointed as prayed for, reported in favor of vacating that portion of the road specified in the petition; and on September 6th, 1884, the report was presented and approved. Exceptions thereto, filed during the term, were dismissed, and, on December 8th, 1884, first week of December Term, the report was confirmed. A previous order of confirmation, improvidently made in September Term, was vacated, and thus the error was corrected.

Afterwards, a petition for reviewers, presented January 11th, 1885, more than a month after the term commenced, was refused on the ground that it came too late. This refusal and the dismissal of exceptions by the court below, respectively, constitute the assignments of error here.

The position assumed in the first specification is, that the proceedings are erroneous and void, because a view to vacate only is not warranted by the Act, above quoted, under which they were commenced; that the view must be in the alternative, "to change or vacate." We do not so interpret the Act. The court is authorized either "to change or vacate," etc., and there appears to be no good reason why petitioners may not ask for either alone, or for both in the alternative, as circumstances may require. If part of a laid out but unfinished road is wholly unnecessary and useless, vacation and not change of location is the proper remedy. If so, why require those who are satisfied the former and not the latter is needed, to petition for both in the alternative? It would be unreasonable to require them to ask for that which they either do not want or consider improper; and we are satisfied it was not the intention of the legislature to do so.

The subject of complaint in the second specification, is that one of the viewers in this proceeding was a signer to petition for review in No. 4 of December sessions, 1881, the original proceeding, in which the road referred to was laid out.

This exception is based on an allegation of fact, as to the proof of which the record is necessarily silent, because the evidence that may have been adduced in support thereof, in the court below, is no part of the record. The writ of *certio-*

*rari* brings up the record only and not the evidence of collateral facts. Moreover, as was well said *In re* Road in Chartiers Township, 10 Casey, 413, questions relating to the disqualification of viewers may well be left to the judgment of the court below. But, if the fact were properly before us, it would be unavailing. The former proceeding, commenced in 1881, was necessarily ended before this one was commenced; and while it, doubtless, would have been better to have had viewers neither of whom had any connection with the former proceeding, we are not prepared to say the viewer was disqualified by reason of his having signed the petition referred to in the specification. To so hold would be going further than any adjudicated case' has yet gone.

The third and last specification is the refusal of the court to appoint reviewers on application made more than a month after commencement of the term succeeding that to which the report of viewers was made. It appears the rule of court requires reports of viewers in road cases to be presented for approval during the first week of the term to which the order to view is returnable, and petitions for appointment of reviewers at same or during the first week of next succeeding term. It is contended that under the Act requiring the court to appoint reviewers, provided " application therefor be made at or before the next term . . . . . after the report upon the first view," plaintiffs in error had the whole of December Term, extending to first Monday of March, in which to present their petition for appointment of reviewers, and therefore the rule of court, in so far as it conflicts with the Act, is imperative. This is undoubtedly so if we concede that the court has no power, by standing rule or otherwise, to arrange the business of the term and designate certain days or periods in which different kinds of business shall be transacted. But we are neither disposed nor required to make any such concession. While each term of the court in Allegheny county continues until the next begins, it is entirely competent and proper for the court to classify its business and designate certain periods in which special cases will be heard or applications entertained. In addition to the current term to which an order to view may be returned the rule of court fixes the first week of the next succeeding term as the period within which petitions for appointment of reviewers may be presented. Reports of viewers must, under the rule, be presented during the first week of the term to which they are returnable, and parties who may be interested have the residue of the term and the first week of the next succeeding term in which to ask for the appointment of reviewers. In many of the judicial districts the terms are limited to one week, and of course all

applications must be presented during that time.   In districts where the terms are longer the court has a right to designate the first week of the term as the period within which certain miscellaneous applications shall be made.

Proceedings affirmed.