# In the Matter of the Petition for a Public Road in Ross Township.

*Road law—Extension of viewers' time—Practice, Q. S.*

The act of 1836 requires viewers to report at the next term after their appointment, but it is within the power of the court in the exercise of a sound discretion, to extend the time for viewing and reporting by a continuance of the order until the next succeeding term. The extension must be made during the term at which it was originally returnable but there is no authority for the proposition that it cannot be made if there has not been a partial execution of the order before the return day.

Where the order has been regularly continued the viewers have all the powers both as to viewing and reporting that they had under the original order.

*Road law—Partial imposition of proposed road on another.*

While it is true that a road cannot generally be located on another regularly laid out and opened, yet it may be so laid out on another so far as it may be necessary to reach the point of ending called for in the order.

*Accidental and trivial omission in draft not fatal.*

The objection that the draft does not show on its face the name of the public road at the end of which the proposed road begins is not fatal to the report.

*Practice, Superior Court—Report of viewers—Question of fact.*

An objection that the plotting of the route described by courses and distances given in the report will not carry the road to its terminal, raises a question of fact, upon which there is no evidence which the appellate court can consider; its investigation is confined exclusively to the record proper.

*Practice, Superior Court—Defective assignment—Failure to except.*

A question raised by an assignment of error when of such a nature that, in fairness, it ought to have been raised by exception in the court below will not be considered by the appellate court.

*Record—Presumption of regularity and jurisdiction.*

Where the record fails to disclose the name of the judge making the order confirming a viewer's report, it will be presumed that the order was made by the judge or judges authorized to sit in the quarter sessions.

Argued April 26, 1897.　Appeal, No. 51, April T., 1897, by Elizabeth Jackman, from order of Q. S. Allegheny Co., Sept. Sess., 1894, No. 11, dismissing the report of the reviewers and confirming the report of the viewers absolutely.　Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.　Affirmed.

Exceptions to report of viewers for a proposed road. Before the judges of C. P. No. 2, Allegheny county on service in the court of Q. S.

The petition for the appointment of viewers was filed November 24, 1894 and viewers appointed. On December 3, 1894, the time for viewers to report extended to the next term, March, 1895. On March 9, 1895, time for signing the report extended to March 16, 1895, it appearing that the road had been viewed and agreed upon, but the viewers had failed to come in and sign the report. March 16, 1895, the report was entered in open court and approved nisi and the width of the road fixed at thirty-three feet. March 16, 1895, indorsement on report of viewers, " We accept notice of the order of approval nisi of this road. Signed W. G. Wier for County Commissioners." June 8, 1895, petition for review filed, same day reviewers appointed. September 5, 1895, report of reviewers presented in court and approved nisi. May 26, 1896, exceptions to report of viewers were dismissed and the report of viewers confirmed absolutely. May 30, 1896, the order of May 26, 1896, rescinded. On June 5, 1896, the order of May 30, 1896, revoked and the case reinstated on the argument list. July 3, 1896, exceptions to the report of viewers dismissed and the report of the reviewers set aside and the report of the viewers confirmed absolutely. July 10, 1896, Elizabeth M. Jackman appealed.

*Errors assigned* were (1) In granting the order of December 3, 1894, extending the time for making report to March term, 1895. (2) In granting the order of March 9, extending the time for making report to March 16, 1895. (3) That the termini, as located for the public road, are too indefinite and uncertain and vague. (4) That the requirements of law, that the viewers shall, where practicable, lay out a road at an elevation not exceeding five degrees, except at the crossing of streams and ravines where, by moderate filling and bridging the declination of the road may be preserved within that limit, has not been complied with. (5) That the road can be laid out at a less elevation between the designated termini and without subjecting property holders to the heavy damages necessarily involved in the present location of the road. (6) That the damages were assessed and directed to be paid by the county,

without due notice given to the county commissioners, as required by rule of court No. 14. (7) That one of the reviewers, to wit: John English, was one of the petitioners for a review. (8) That viewers were entertained by petitioners interested in procuring the result reported, before the conclusion of the view had been reached. (9) The viewers and reviewers refused to examine the different routes to which their attention was called. (10) Viewers and reviewers did not obtain release of damages from property holders or make proper efforts to secure the same. (11) That the road was laid out in part over an old road, and does not give courses and distances or width of old road, whether of greater or less width than the new road, nor whether the new road follows the direction of the old. (12) That the order of court of the 3d of July, 1896, was made by the judges of the court of common pleas No. 2, when not holding the court of quarter sessions, and at a time when the court of quarter sessions was being held by the judges of the court of common pleas No. 3, in the order of their assignment to duty as judges of the court of quarter sessions. (13) In making its order of July 3, 1896, in dismissing the exceptions to the report of viewers and confirming absolutely the report of the viewers. (14) That the viewers failed to note the improvements through which the road passed. (15) The courses and distances given in the report will not carry the road to its terminals. (16) That report of viewers and reviewers abounds in material alterations and interlineations which are not shown to have been made or inserted prior to the time of fixing of the viewers' and reviewers' signatures thereto.

*Christopher Magee*, with him *Geo. B. Brown*, for appellant.— We concede that under the rulings of the Supreme Court it has been held that extension of time may be given notwithstanding the express requirements that the report shall be made to the next term, but we contend that the present is not a case in which an extension of time, under the rulings of the Supreme Court to which we will refer, can be made: Metzler & Hugus's Road, 62 Pa. 151.

There is nothing in the report or the annexed plot to show that the road as located "begins at the end of the Spruce Run Road:" O'Hara Township Road, 152 Pa. 319.

. *N. W. Shafer*, for appellee.—The first error is not assigned according to rule. It avers that "the court erred in granting the order of December 3, 1894, extending the time for making report to March 16, 1895." This assignment under rule XVI. requires the order to be given totidem verbis.

In Ross Township Road, 166 Pa. 132, the court of quarter sessions of Allegheny county extended the order in that case.

The case of Metzler and Hugus's Road, 62 Pa. 151, is not this case. In that case, on May 1, a viewer was appointed, the view had and report made on the same day. It is only necessary to read that case to see that its facts are not the facts of this case.

OPINION BY RICE, P. J., July 23, 1897:

The third section of the road law of June 13, 1836, P. L. 551, requires viewers to report at the next term after their appointment. But the power of the court, in the exercise of a sound discretion, to extend the time for viewing and reporting by a continuance of the order until the next succeeding term has been too long recognized to be questioned. The extension or continuance of the order must be made during the term at which it was originally returnable, but we can find no authority for the proposition that it cannot be made if there has not been a partial execution of the order before the return day. In Metzler's Road, 62 Pa. 151—the case relied on by the appellant's counsel —it appeared that nothing was done under the order until the return day, when on application to the court, a substitute for one of the viewers was appointed who with the other two went upon the ground viewed and made report all on the same day, after the term had commenced. In holding that the proceedings were irregular Mr. Justice AGNEW said: "It has been repeatedly said by the court that the act of assembly, requiring the order to be executed and returned to the next court, must be obeyed, and when an order of view or review has expired before its execution, all subsequent proceedings under it are unauthorized." This general language must be construed in the light of the facts of the case to which it was applied. The question as to the power of the court to continue an unexecuted order until the next succeeding term was not before the court. It could not have been decided in accordance with the appel-

lant's contention in the present case without overruling what had been declared in the cases cited by Mr. Justice AGNEW himself, and ·manifestly the court had no such intention. In Heidelberg Twp. Road, 47 Pa. 536, the view was returnable at January sessions. After the expiration of the term the order was taken out of the clerk's office and the view made and returned at April sessions. It was held that the report was invalid because the order expired at January sessions. Here was the case of a wholly unexecuted order, but the Supreme Court (AGNEW, J.,) said: "The court should have been asked to continue or renew the order," thus clearly implying that it had the power. So in Baldwin Road, 3 Gr. 62, the authority to continue the order for every purpose was distinctly asserted. "If," said Mr. Justice WOODWARD, "a view cannot be had in time to report to the next term after the order issues, a continuance of the order from time to time should be obtained in open court and docketed so that the record may be notice that the order is still pending." In Salem Road, 103 Pa. 250, the present Chief Justice said: "If for any sufficient reason the report cannot be made to the next term, the proper course is to continue the order to view and make it returnable to the next succeeding term," etc. See also Frankstown Road, 26 Pa. 472; also Ross Twp. Road, 166 Pa. 132. The illness or absence of a viewer, the inclemency of the weather, the arrangement of the terms of court (as in Allegheny county where each term extends to the beginning of the next) or other cause may make it impossible for the viewers even to meet before the return day, and as the view cannot lawfully be made after the return day (Metzler's Road, 62 Pa. 151) without a continuance of the order the court may, unquestionably, continue it until the next term. Where it has been regularly continued the viewers have all the powers both as to viewing and reporting that they had under the original order. It is their duty to make the view prior to the beginning of the next term, but under the statute may file their report at any time during the term. It appears, however, that a rule of the Allegheny county court requires road reports to be returned and presented to the court within the first week of the term to which the order is returnable. See Road in McCandless, 110 Pa. 605. In the present case the viewers were appointed on November 24, 1894. On De-

cember 3, 1894, the first day of the next term, the order was continued until the next succeeding term which began on March 4, 1895. Under the court rule the report should have been presented during that week, but although the view had been regularly made, and the report agreed upon, it had not been signed by all of the viewers, and on March 9, 1895, by an order indorsed on the report itself, the court extended the time an additional week to enable them to come in and sign it. At the appointed time the report was presented and confirmed nisi. It is not alleged that any one was misled, and it is impossible to see how any one could have been. The court that made the rule had discretionary power to extend the time for sufficient cause where, by doing so, no possible harm could result to any one, and where, as in this case, the order to view had been fully executed before the beginning of the term to which it was returnable. The first and second assignments of error are therefore overruled.

The petition and the report of viewers exactly agree in designating the termini of the road as " the end of the Spruce Run road at the corner of lands of Louis Hilke and David Reel in Ross township " and " a point in the Courtney's Mill road at its intersection with the David Reel public road " in the same township. There is not merely substantial but exact conformity between the petition and the report, and the terminal points are so defined that, following the given courses and distances, the road can be located, not only with reasonable, but with absolute certainty. It is scarcely necessary to remark that the route between the extreme termini of a road is exclusively for the viewers. And, " while it is true as a general rule that a road cannot be located on another, regularly laid out and opened, yet it may be laid on another, so far as it may be necessary to reach the point of ending called for in the order:" Road in Springdale, 91 Pa. 260 citing, Road from Westchester, 2 R. 421; Hess Mill Road, 21 Pa. 217; Southampton Road, 21 Pa. 356; Reserve Twp. Road, 80 Pa. 165. See also Trickett's Road Law, pp. 6, 7, 8.

The objection that the draft does not show on its face that the public road at the end of which the proposed road begins is the Spruce Run road is not fatal to the report. It shows that it begins at the end of another public road near the corner of

lands of Louis Hilke, and the presumption is that this is none other than the public road referred to in the report. It is not to be supposed that the viewers stultified themselves, but rather that there was an accidental omission to put the name of the road on the draft—an omission that could have been corrected if attention had been called to it by an exception in the court below. The third and eleventh assignments are therefore overruled.

The assertion in the fifteenth assignment, that a plotting of the route described by the courses and distances given in the report will not carry the road to its terminal, raises a question of fact upon which there is no evidence that we can consider; for it must be remembered our investigation is confined exclusively to the record proper. The same is true of the objections raised by the fourth, fifth, eighth and ninth assignments. They are all overruled.

The tenth assignment is not supported but is negatived by the report, which is all we have before us by which to determine whether the viewers performed their duty as to endeavoring to obtain releases. It is dismissed.

The sixth assignment is equally without merit. The record shows that on March 16, 1895, W. G. Weir one of the county commissioners, accepted notice for them of the confirmation nisi. Their failure to appear in the court below or here, to object to the proceedings, was evidently not due to the want of notice. Furthermore, as the rule of court upon this subject has not been printed we have no means of knowing that it was not literally complied with.

The appellant and others applied for a review, alleging that the road as laid out by the viewers would be very injurious to the petitioners and burdensome to the township. It is claimed that one of the reviewers was one of the appellant's copetitioners. As she made no objection until after the reviewers had reported in favor of the road she was evidently willing to take the chances, as well she might. An objection that he was not a disinterested and unbiased reviewer does not now come with good grace from her. Moreover, the report of reviewers was set aside and the question of his competency has become unimportant. The seventh assignment is overruled.

The objection that the viewers failed to note the improve-

ments through which the road passes is not sustained by the report and draft.

We need not discuss the question raised by the sixteenth assignment, since the objection, if it had any merit, was of such a nature that, in fairness, it ought to have been raised by exception in the court below.

The record shows that the report was confirmed absolutely by the court on July 3, 1896. The name of the judge making the order does not appear in the record as printed. Presumptively it was made by the judge or judges of the common pleas authorized by the constitution and the laws to sit in the quarter sessions for the time being, and to finally dispose of the matter; and there is nothing whatever on the record before us to show the contrary. Therefore the twelfth assignment is overruled. The thirteenth assignment necessarily falls with the others.

We remark in concluding, that many of the assignments might have been dismissed without discussion because they are not framed in accordance with our rules. They are not safe precedents to follow. Finding no error in the record, the proceedings are affirmed.