JOHN C. SCHMEHL v. THE SOUTH JERSEY LAND AND TRANSPORTATION COMPANY.

Argued November 1, 1898—Decided November 4, 1898.

1. Section 230 of the act regulating practice of courts of law (*Gen. Stat.,* p. 2571) establishes the practice as to venue and place of trial in all actions merely transitory, and it must be followed, and the court will not interfere with its directions unless upon proof of special circumstances moving the court to exercise its discretion otherwise.

2. When the plaintiff in an action merely transitory was not a resident of this state and the defendant was a domestic corporation, and service of the summons was made upon it in the county where its principal office was located, the venue should be laid in that county and not in some other county, and if laid in some other county, the court will change the venue to the county in which service of process was made, unless otherwise controlled by some special circumstances moving its discretion to direct a change of ·enue and trial to another county.

On motion to change venue.

Before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the motion, *Edward Ambler Armstrong.*

*Contra, Robert E. Stephany.*

The opinion of the court was delivered by

LIPPINCOTT, J. The summons in this case was issued on July 28th, 1898, and made returnable on August 10th, 1898. The venue has been laid in the county of Atlantic. The action is upon contract and was merely transitory.

The facts which are agreed upon and undisputed are that the defendant is a domestic corporation and its principal office is in the city of Camden. The plaintiff is not a resident of the county of Atlantic and is not a resident of this state. The summons was served on the defendant by the sheriff of, and in, the county of Camden.

If the direction of the statute be followed, the venue should have been laid in the county in which process was served. *Gen. Stat.*, p. 2571, § 230; *Bell* v. *Morris Canal Co.*, 3 *Gr.* 63; *Ackerson* v. *Erie Railway Co.*, 2 *Vroom* 309.

The practice established by the statute should be followed, and if it is not, the court will change the venue to conform to the statute, unless there be special circumstances which move the discretion of the court otherwise. *Worley* v. *Scudder*, 5 *Halst.* 231; *Dauchy* v. *Taylor*, 4 *Id.* 96; *McMenony* v. *Williamson*, 6 *Id.* 316; *Kerr* v. *Bank of New Brunswick*, 1 *South.* 363.

An order may be entered changing the venue to the county of Camden. This order is made, with costs.