CHARLES HERBERT v. HENRY S. TERHUNE ET AL.

Argued February 25, 1902—Decided June 9, 1902.

A venue will be changed to the county in which the cause of action arose, where it appears that the witnesses on both sides and the defendants all reside in that county, and that the plaintiff also resided there up to within a few days of the time he instituted his suit, and where it further appears that there is reasonable ground to believe that the plaintiff went to the county of the venue for the sole purpose of laying it there.

---

On application for change of venue.

Before Justices FORT, HENDRICKSON and PITNEY.

For the rule, *Edmund Wilson.*

*Contra, Marshall Van Winkle.*

The opinion of the court was delivered by

FORT, J.   This case is at issue in the Supreme Court, with the venue laid in Hudson county.   The plaintiff claims that at the time the suit was instituted he resided in that county. There are eight defendants, all residents of Monmouth county. The suit is for assaulting the plaintiff at Matawan, Monmouth county, on February 24th, 1901.   The plaintiff at that time also resided in Monmouth county and continued to reside there up to within five days of the time he instituted this

suit. All the witnesses to the alleged assault also live in Monmouth county.

It is very questionable whether the plaintiff had a good faith residence in Hudson county at the time this suit was instituted, but conceding that fact, it is very clear that this is a case in which the venue should be changed to Monmouth county. The convenience of everyone will be promoted thereby and the burthen of the litigation will be borne in the county where all the defendants and the witnesses live and where the alleged assault was committed. It is true that upon the mere balancing of conveniences the venue in a case will not be changed, but it is equally true that it will be changed where it appears that the witnesses upon both sides, as well as the defendants, all reside in a county remote from that in which the plaintiff has laid the venue and in which the alleged cause of action arose, and it further appears from the evidence that there is reasonable ground to suppose that the plaintiff went to the county in which he has laid the venue for that very purpose. *Bell* v. *Morris Canal Co.,* 3 *Gr.* 63.

The venue in this case will be changed to Monmouth county, where the cause of action arose, that the trial may be had there.