## Sewickley Township Road.

*Road law—Report of viewers—Failure to report at next term.*

The third section of the Act of June 13, 1836, P. L, 551, which directs that road viewers shall report at the next term after their appointment, is mandatory, and if they fail to do so all their subsequent proceedings are void.

Where a view cannot be made in time for a return to the next term of

court, a continuance of the order shall be obtained from the court and a record thereof made so that parties interested may have notice that the proceeding is still pending.   If no report is made to the next term, those opposing the road have a right to consider that it is abandoned.

Where the record of a road case shows that a report of viewers was not made until after the expiration of the next term following their appointment, and an exception averred that the proceedings were irregular and defective, the appellate court may set aside the irregular proceedings.

Argued April 14, 1904.   Appeal, No. 57, April T., 1904, by David Shields, from order of Q. S. Allegheny Co., Sept. T., 1901, No. 6, overruling exceptions to the appointment of viewers in case of Road in Sewickley Township and Leet Township.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Exception to report of jury of view.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to the report of the jury of viewers and in confirming the report.

*R. T. M. McCready*, for appellant.—When the report cannot be made during the term next succeeding the appointment, it is necessary to obtain from the court an order extending the time until the next succeeding term.   The extension or continuance of the order must be made during the term at which it was originally returnable: Ross Township Road, 5 Pa. Superior Ct. 85.

Reviews and re-reviews are subject to the same requirements: Heidelberg Township Road, 47 Pa. 536.

*James S. Campbell*, for appellee, cited: Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92; Munn v. Sharon Borough, 5 Pa. Superior Ct. 103; Road in Collins & Peebles Twps., 36 Pa. 85; North Lebanon Twp. Road, 3 Pa. C. C. Rep. 401; Ferry v. South Chester Borough, 2 Del. Co. 147; Stowe Twp. Road, 31 Pgh. Leg. Jour. 242.

OPINION BY HENDERSON, J., November 21, 1904:
The court appointed re-reviewers in this case on August 30, 1902.   The next term of court began on September 1, 1902,

and the succeeding term on Monday, December 1, 1902. No continuance of the order was granted by the court. The omission of the re-reviewers to make report to the next term was obviously because of the lack of time. The third section of the Act of June 13, 1836, P. L. 551, directs that road viewers report at the next term after their appointment. It has been repeatedly decided that the act of assembly directing that the order to view shall be executed and returned at the next term of court is mandatory, and that when an order has expired before its execution all subsequent proceedings under it are unauthorized: Frankstown Township Road, 26 Pa. 472; Heidelberg Township Road, 47 Pa. 536; Baldwin & Snowden Road, 3 Grant, 62; Metzler's Road, 62 Pa. 151; Ross Township Road, 5 Pa. Superior Ct. 85.

Where a view cannot be made in time for a return to the next term of court, a continuance of the order should be obtained from the court and a record thereof made so that parties interested may have notice that the proceeding is still pending. If no report is made to the next term, those opposing the road have a right to consider that it is abandoned: Baldwin & Snowden Road, 3 Grant, 62, supra.

It is said, however, that this objection was not made in the court below and therefore it should not be noticed on appeal. The fourth exception filed avers that the proceedings are irregular and defective. The exception is general in form and might be disregarded by the court in respect to a matter not apparent on the face of the proceedings. Where error appears on the record it becomes the duty of an appellate court to examine and correct proceedings, judgments and decrees. The laying out of a public road affects public rights and may make the county liable for damages. It is our duty, therefore, to take notice of an error regularly brought to our attention. The court erred in confirming the re-review returned to a term more distant than the next after the order was issued. The order granted August 30, should have been continued in order to avoid its lapse from failure to execute and return it at the next term.

The exceptions to the view and review were not filed in time, as is shown by the opinion of the court below. The proceedings up to the issuing of the order for a re-review were regular

and may be resumed upon the return of the record from this court.

It is adjudged and decreed that all proceedings subsequent to the presentation of the petition for the appointment of the re-reviewers be reversed and set aside and that the record be remitted to the court below for further proceedings.