THE FORT ORANGE PAPER COMPANY v. JOSEPHINE J. RISDON ET AL.

| 62 | 579 |
| 65 | 526 |

Argued June 8, 1898—Decided November 7, 1898.

Where there are several defendants, all of whom except one reside in this state, a service of process upon such non-resident, who is temporarily in this state, will not entitle the plaintiff, under section 230 of our Practice act, to lay the venue in the county where the non-resident is served with summons.

On motion to change venue.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the motion, *Mark R. Sooy.*

*Contra, Colie, Swayze & Titsworth.*

The opinion of the court was delivered by

VAN SYCKEL, J. The cause of action in this case originated in New York.

The plaintiff is a foreign corporation. Three of the four defendants in the case reside in the county of Burlington, in this state, and were there served with process. The other defendant resides out of this state, and was served with process in Essex county while he was temporarily there. The four defendants are joint contractors.

Application is now made to change the venue, which is laid in Essex county, to the county of Burlington.

The two hundred and thirtieth section of the Practice act, which regulates this subject, reads as follows: "That an action merely transitory shall, at the discretion of the court, be tried in the county in which the cause of action arose, or the plaintiff or defendant reside at the time of instituting such action, or if the defendant be not an inhabitant of this state, in the county in which process shall have been served upon him." *Gen. Stat., p.* 2571.

If there is but a single defendant, who is non-resident, the statute is express and the venue is laid in the county where he is served with process, it cannot, except under special circumstances, be changed.

There is no specific direction in the statute in a case like the present, where there are several defendants, all of whom except one are residents of the state.

The defendants do not all reside in the state, nor do they all reside out of the state, and the language of the statute does not, therefore, strictly cover this case. The legislature, in this provision, had in view the convenience of litigants, and there is no reason why the resident defendants shall be deprived of a trial in the county where they live and are served. The right of the non-resident defendant to select the place for trial is not within the express language of this act, nor do I think it was contemplated by the framer of it. In the absence of explicit provision it must be discretionary in the court where the venue shall be laid, and it is therefore ordered that the venue be changed to the county of Burlington.