THE DELAWARE, LACKAWANNA AND WESTERN RAIL-
ROAD COMPANY v. THE NORTH JERSEY AND POCONO
MOUNTAIN ICE COMPANY.

Argued June 5, 1900—Decided November 12, 1900.

The cause of action in this case arose in New York. The plaintiff is a non-resident corporation. The defendant is a domestic corporation with its principal office and agent to receive service of process in Morris county, where the process was served. *Held,* that the venue should have been laid in Morris county and not in Hudson county.

---

On rule to show cause why the venue laid in the plaintiff's declaration in Hudson county should not be changed to Morris county.

Before Justice VAN SYCKEL.

For the rule, *Alfred Mills* and *Mahlon Pitney.*

*Contra, Flavel McGee.*

The opinion of the court was delivered by

VAN SYCKEL, J.  The plaintiff is a corporation existing by and under the laws of the State of Pennsylvania.

The defendant is incorporated under the laws of New Jersey.

In its certificate of incorporation, in compliance with the statute, it is set forth that the location of its principal office in this state is at the First National Bank building, in Morristown, in the county of Morris, and that the agent therein, and in charge thereof, upon whom process against this corporation may be served, is Joseph Hinchman.

The process in this case was served on the defendant by the deputy sheriff of the county of Morris, at the said principal office of the said company in Morristown.

The bill of particulars served upon the defendant in reply to its demands therefor shows that the action is merely transitory.

The two hundred and thirtieth section of the Practice act (*Gen. Stat., p.* 2571) provides that:

"An action merely transitory shall, at the discretion of the court, be tried in the county in which the cause of action arose, or the plaintiff or defendant resides at the time of instituting such action, or, if the defendant be not an inhabitant of this state, in the county in which process shall have been served upon him."

In actions merely transitory the venue may be laid at the discretion of the plaintiff—

*First.* In the county in which the cause of action arose.

*Second.* If the plaintiff resided in the state when the action was commenced, he may lay the venue in the county in which he then resided.

*Third.* If the defendant resided in the state when the suit was instituted, the venue may be laid in the county in which the defendant then lived.

*Fourth.* If the defendant shall not be an inhabitant of this state, it may be laid in the county in which process shall have been served upon him.

If the plaintiff has laid the venue in one of the places thus

specified, it will not be changed to any other county, except under special circumstances. *Bell* v. *Morris Canal,* 3 *Gr.* 63; *Dauchy* v. *Taylor,* 4 *Halst.* 96; *Worley* v. *Scudder,* 5 *Id.* 231; *Fort Orange Paper Co.* v. *Risdon,* 33 *Vroom* 579.

The cause of action, the declaration states, arose in New York; the plaintiff is a non-resident corporation; the defendant is a domestic corporation, with its statutory residence in Morris county, where it was duly served with process, and therefore, in justice to the defendant, as well as in pursuance of the statute, the venue should have been laid in Morris county, and not in Hudson county, and it is ordered to be changed accordingly.

The rule to show cause should be made absolute, with costs.