TESSIE DIATEL, ADMINISTRATRIX AD PROSEQUENDUM, ET AL., PLAINTIFFS, v. VINCENT GLEASON AND JOHN L. CAIN, DEFENDANTS.

Argued May 4, 1937—Decided June 1, 1937.

Before Justices LLOYD, CASE and DONGES.

For. the rule, *James I. Bowers.*

*Contra, Theodore Strong & Son.*

PER CURIAM.

This is an application for a change of venue from Middlesex county to Somerset county.

The alleged cause of action arose in Somerset county, the plaintiffs reside in Somerset county, the defendant Cain resides in Somerset county, and it is established beyond question that the defendant Gleason was, at the time the cause of action arose, a resident of New York City. It is further asserted that practically all of the witnesses reside in Somerset county.

Service was attempted to be made on Gleason by serving someone of competent age at his father's home in Middlesex county, and this is urged as ground for denial of this application.

The two hundred and second section of the Practice act reads as follows:

"An action merely transitory shall at the discretion of the court be tried in the county in which the cause of action arose,

or the plaintiff or defendant reside at the time of instituting such action, or if the defendant be a non-resident in the county in which process was served upon him."

As was said in *The Fort Orange Paper Co.* v. *Risdon,* 62 *N. J. L.* 579; 41 *Atl. Rep.* 706:

"If there is but a single defendant, who is non-resident, the statute is express and the venue is laid in the county where he is served with process, it cannot, except under special circumstances, be changed.

"There is no specific direction in the statute in a case like the present, where there are several defendants, all of whom except one are residents of the state.

"The defendants do not all reside in the state, nor do they all reside out of the state, and the language of the statute does not, therefore, strictly cover this case. The legislature, in this provision, had in view the convenience of litigants, and there is no reason why the resident defendants shall be deprived of a trial in the county where they live and are served. The right of the non-resident defendant to select the place for trial is not within the express language of this act, nor do I think it was contemplated by the framer of it. In the absence of explicit provision it must be discretionary in the court where the venue shall be laid, and it is therefore ordered that the venue be changed to the county of Burlington."

In the instant case every requisite under the statute for laying the venue in Somerset county is present, and in justice to the resident defendant, for the convenience of parties and witnesses, as well as in pursuance of the statute, the venue should have been laid in Somerset county, and not in Middlesex county. It is accordingly ordered to be changed. *Delaware, Lackawanna and Western Railroad Co.* v. *North Jersey and P. M. Ice Co.,* 65 *N. J. L.* 524; 47 *Atl. Rep.* 471.

The rule to show cause is made absolute, with costs.